THE COUNTY OF RICHARDSON, PLAINTIFF IN ERROR, V. S. B. MILES, DEFENDANT IN ERROR.

1. **Construction of Statute.** When there are special provisions of a statute referring to a particular matter, and there are general provisions of the same or another statute in force, referring to a class or series of matters including the former, the provisions of the special statute will prevail so far as such particular matter is concerned, and there is a conflict between the two.

2. **Road:** DAMAGES: APPEAL. An appeal from the final decision of the county board by an applicant for damages claimed to be caused by the establishment of a road, should be taken under the provisions of section 39, chapter 78, Comp. Stat., and not under those of section 37, article I, chapter 18.

ERROR to the district court for Richardson county. A public road was located over land of Miles. He asked for $212 damages; was allowed $48; appealed, and in district court, WEAVER, J., recovered $60. The county brought the case here for review on a petition in error. The statutes bearing on the subject are as follows:

Compiled Statutes, chapter 78:

SEC. 39. Any applicant for damages claimed to be caused by the establishment of a road, may appeal from the final decision of the county board to the district court of the county in which the land lies; but notice of such appeal must be served on the county clerk within twenty days after the decision is made. If the road has been established on condition that the petitioners therefor pay the

damages, such notice shall be served on the four persons first named in the petition for the highway, if there are that many who reside in the county.

SEC. 40.   An appeal may also be taken by the petitioner for the road as to the amount of damages, if the establishment of the road has been made conditional upon his paying the damages, by his serving notice of such appeal on the county clerk and applying for damages within twenty days after the decision of the board, and filing a bond in the office of such clerk, with sureties to be approved by him conditioned for the payment of all costs occasioned by such appeal, unless the appellant fails to recover a more favorable judgment in the district court than was allowed him by such board.

Compiled Statutes, article I, chapter 18:

SEC. 37.   Before any claim against a county is audited and allowed, the claimant or his agent shall verify the same by his affidavit, stating that the several items therein mentioned are just and true, and the services charged therein, or articles furnished, as the case may be, were rendered or furnished as therein charged, and that the amount claimed is due and unpaid after allowing all just credits.   All claims against a county must be filed with the county clerk.   And when the claim of any person against a county is disallowed, in whole or in part, by the county board, such person may appeal from the decision of the board to the district court of the same county, by causing a written notice to be served on the chairman, within twenty days after making such decision, and executing a bond to such county, with sufficient security, to be approved by the county clerk, conditioned for the faithful prosection of such appeal, and the payment of all costs that shall be adjudged against the appellant.

*A. Schoenheit and W. S. Stretch,* for plaintiff in error, cited: *Robinson v. Mathwick,* 5 Neb., 252.   *Sims v. Otoe*

*County*, 6 Id., 133. *McCann v. McLennan*, 2 Id., 289. *Albertson v. The State*, 9 Id., 437. *Nosser v. Seeley*, 10 Id., 467.

*C. Gillespie*, for defendant in error, cited: Wade on Notice, sec. 3. 2 Bouvier's Law Dic., 36. Comp. Stat., 443, sec. 41. Id., 181, sec. 37. *Haas v. Lees*, 18 Kan., 449.

COBB, J.

It is an inflexible rule that when there are special provisions of a statute plainly referring to a particular matter, and there are general provisions of the same, or another statute in force at the same time, referring to a class or series of matters including the former, the provisions of the special statute will prevail so far as such particular matter is concerned, and the provisions of the two differ with each other. Under this rule the provisions of secs. 39 and 40 of chapter 78, Compiled Statutes, must be held to apply to and control appeals from the final decision of the county board, in cases of damages to land caused by the laying out and establishing of public roads, rather than those of section 37 of article 1, chapter 18. Indeed the above proposition concedes too much to the position of defendant in error. The latter section can scarcely be said to contain a general provision, which even in the absence of a special one would apply to a case like the one at bar. It is only in the most general sense that the owner of lands damaged by the establishment of a highway can be said to hold a claim against the county within the meaning of said section, if at all.

Upon reference to secs. 39 and 40 of chap. 78, it will be seen that in all cases of appeal from the final decision of the county board, by an applicant for damages claimed to be caused by the establishment of a road, or by the pe-

titioners for a road, as to the amount of damages, notice of appeal must be served on the county clerk, etc.

In the case at bar, no notice of appeal was served on anybody. No notice was ever made out. The chairman of the county board waived notice in writing on the face of the appeal bond. This being a statutory proceeding, neither the clerk nor the chairman of the board could waive the service of the notice; most certainly not the chairman, a service on whom would be a nullity.

The object of the notice is, that the county, as a body corporate, may know that an appeal has been taken, that it may, through its proper officers and attorney, prepare for trial. The county, as a body corporate, is charged with notice when notice is served according to law, not usually when one of its servants has gratuitously waived service. It is argued that the waiver of notice being endorsed on the bond, and the bond being approved and filed by the county clerk, is equivalent to a notice of appeal being served on the clerk. But the statute, which as we have seen especially applies to cases of this kind, requires no bond, hence the bond was a nullity with all of its indorsements and filings.

The notice of appeal, and its timely service on the county clerk, is the only foundation for jurisdiction in the district court in this class of cases. These being wanting in this case, the said court had no jurisdiction to render the judgment set out in the record.

The judgment of the district court is therefore reversed and the cause dismissed.

JUDGMENT ACCORDINGLY.