ADA A. MILLETT, PLAINTIFF IN ERROR, V. JOHN W. EARLY, DEFENDANT IN ERROR.

**Taxes against Estate of Decedent.**   Under the revenue law of 1869, taxes upon personalty were not a lien upon property, but were to be collected " in the manner provided by law for the levy and sale of property upon execution."  *Held,* That in case of the death of the party liable for such taxes a claim for the same was properly filed against his estate.

ERROR to the district court for Platte county.    Tried below before POST, J.

*Byron Millett,* for plaintiff in error.

*M. Whitmoyer,* for defendant in error.

MAXWELL, J.

In April, 1883, the defendant, who was treasurer of Platte county, filed an account in the county court of that county against the estate of Nelson Millett, deceased, as follows:

·"April 24, 1883. ·

Estate of Nelson Millett, deceased, in account with Platte County, by J. W. Early, treasurer, Dr.

Personal taxes for the year 1875....................$ 34.40
"          "          1876.................... 36.60
"          "          1877.:................... 63.32
"          "          1878.................... 24.00
"          "          1879.................... 20.62
"          .           "    1880.................... 13.72
                                                        _____
                                                        $192.72"

which was duly verified, and afterwards allowed against the estate. One of the heirs then appealed to the district court. A petition was filed by the treasurer in that court setting forth the facts in relation to the taxes in question. To this petition the plaintiff herein demurred. The court overruled the demurrer and affirmed the order of the county court, to which the plaintiff excepted, and now assigns the same for error.

Sec. 49 of the revenue law of 1869 provides that: "If any person neglect so to attend and pay his personalty taxes until after the first day of May next succeeding the levy of the tax, the treasurer is directed to levy and collect the same, together with costs of collection, by distress and sale of personal property belonging to such person, in the manner provided by law for the levy and sale of property upon execution," etc. In 1877 the act was amended by extending the time of payment to November 1st next after the taxes became delinquent. It will be seen that the statute gave the treasurer power to levy upon and sell personal

property for the taxes upon personalty. The right to levy upon the property of the deceased is suspended by the proceedings to administer upon the estate, and the statute provides that *all*, claims against such estate shall be filed with the probate judge. Comp. Stat., ch. 23, § 238. A tax upon personalty under the laws of 1869 did not create a lien upon personal property, but was to be satisfied out of any goods or chattels of the debtor that could be levied upon. In other words, it was a mere personal obligation against which it is probable the statute of limitations would run.

In *Nebraska City v. Gas Co.*, 9 Neb., 339, it was held that as taxes did not arise upon contract, express or implied, nor had the amount thereof been determined by the judgment of a court, that therefore they could not be set off under the provisions of section 104 of the code. It is also said in that case that taxes are not debts, in the ordinary sense of that term. We adhere to the case above cited, but it has no application to that under consideration. The question of set-off is not before the court, and the act of filing a claim against an estate is not in a proper sense an action. The statute requires all claims against the estate which are to be paid out of the general assets to be filed and allowed; and as taxes upon personalty are to be collected from any personal property of the person against whom they were assessed that can be levied upon, they certainly constitute a claim against the estate. While such taxes are not a debt in the ordinary meaning of the word, they do constitute an obligation imposed by law, for which the estate is liable. This being so, the claim was properly allowed against the estate. There is no error in the record and the judgment is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.