SANFORD RICHARDS v. COUNTY COMMISSIONERS, CLAY
COUNTY.

FILED APRIL 3, 1894.   No. 5525.

1. **Taxes:** COLLECTION.   Taxes are not debts in the ordinary accept-
ance of the term, and generally an action at law will not lie for
their collection.   While the right to an action may be implied
from a failure of the legislature to provide any means for en-
forcing the payment of taxes, yet where the legislature has pro-
vided a means of enforcing payment that remedy is exclusive.

2. ———: ———: FORUM OF JURISDICTION.   Where the legislature
in providing for the collection of taxes has prescribed a remedy
by action under certain circumstances in a particular forum and
in a particular manner, no action will lie, except under the cir-
cumstances prescribed, in the forum provided, and after the
manner defined.

3. ———: ———: ———.   A and B owned certain personal prop-
erty assessed for taxation in Clay county.   Before the tax be-
came delinquent they removed the property from Clay county.
A and B were both non-residents of the state.   The county
commissioners of Clay county brought an action in York county
and attached property of A there situate.   York county was not
the place of abode of either A or B.   No tax claim had been for-
warded to York county, nor had the action been authorized by
the treasurer or any tax collector of York county.   *Held,* That
the case did not fall within any of the provisions of section 89
of the revenue law providing for the collection of taxes; and
the remedy provided by that law being exclusive, the action
would not lie.

ERROR from the district court of York county.   Tried
below before WHEELER, J.

*Sedgwick & Power,* for plaintiff in error.

*William M. Clark, contra.*

IRVINE, C.

The county commissioners of Clay county began this ac-
tion in the district court of York county against Sanford

Richards, Edward Bailey, and David Bailey, alleged to have been copartners under the firm name of Richards, Bailey & Bailey, to recover certain personal taxes assessed and levied for the year 1888 upon corn owned by the firm, and, at the time of the assessment, stored in cribs in Clay county. The petition, in addition to the above facts, avers that before the tax became due and delinquent the defendants sold and removed all their personal property out of Clay county; that a distress warrant was issued in Clay county and returned unsatisfied; that the firm has no partnership property out of which to make the tax. Judgment is prayed against the individuals composing the firm for the amount of the tax.

An affidavit for attachment was filed and lands of the defendant Richards were attached. The grounds of attachment were that the firm had converted and removed all its copartnership property into money and out of the county for the purpose of placing it beyond the reach of the plaintiffs; had absconded with intent to defraud the plaintiffs, and that each and all of the defendants were non-residents of the state of Nebraska.

No service of summons was had except upon Richards. The proceedings in the case were somewhat complicated and suggest a number of questions relating to practice; but the conclusion reached upon the principal question involved avoids the necessity of detailing the proceedings and of deciding other questions.

To the petition there was finally filed an answer in the nature of a plea in abatement. This answer alleged that the defendant had not resided in York county since 1887; that York county was not his place of abode or adopted residence; that the tax claim set out in the petition had never been forwarded to the county treasurer of York county, nor to any tax collector of York county; and that the action had never been authorized by the county treasurer, nor any tax collector of York county. These alle-

gations were all admitted by the reply. The answer further averred that the plaintiffs had no legal capacity to sue; that the court had no jurisdiction of the subject-matter of the action, and that there was a defect of parties defendant. These latter allegations were denied, but they are all conclusions of law.

The case was tried upon the pleadings without any evidence, and judgment rendered for the plaintiffs, from which the defendant Richards prosecutes error.

The action is one aided by attachment by the commissioners of Clay county in the district court of York county to collect personal taxes levied in Clay county against one who is a non-resident of the state. Will such an action lie?

Judge Cooley, in his work on Taxation, second edition, page 16, states that in general the conclusion reached by the courts has been that when the statute undertakes to provide remedies and those given do not embrace an action at law a common law action for the recovery of the tax as a debt will not lie. Numerous authorities are cited in support of that doctrine. Similar language in the first edition of Cooley on Taxation was cited with approval by this court in *Nebraska City v. Nebraska City Hydraulic Gas Light & Coke Co.*, 9 Neb., 339, where it was held, after a review of the authorities, that in a suit against a city to recover for gas furnished it, taxes due the city from the gas company could not be set off, and this for the reason that the method provided by statute for the enforcement and collection of taxes is exclusive.

In *Millett v. Early*, 16 Neb., 266, it was held that where the person bound to pay the taxes had died, a claim therefor was properly filed against his estate, but the doctrine of *Nebraska City v. Nebraska City Hydraulic Gas Light & Coke Co.* was expressly adhered to, and the decision of the court was upon the ground that the filing of a claim against an estate is not an action; the court saying: "While such taxes

are not a debt in the ordinary meaning of the word, they do constitute an obligation imposed by law, for which the estate is liable."

The law is further announced in Cooley on Taxation, page 435, as follows: "Sometimes a right to bring suit is expressly given, and where it is the statute must be closely followed, and any conditions which are named must be observed." How strictly it is necessary, in the collection of taxes, to follow the method prescribed by statute may be seen by a consideration of any of the cases upon the subject. We will, however, refer particularly to *New York & Harlem R. Co. v. Lyon*, 16 Barb. [N. Y.], 651; *State v. Jones*, 24 Minn., 86; *Washington County v. German-American Bank*, 28 Minn., 360.

We think it is well settled, therefore, that a tax is not a debt capable of enforcement generally by civil action; that where an action is permitted, it is only because the statute expressly provides therefor, or by failing to provide any method, necessarily implies a right of action; and further, that when the statute does provide a method of enforcing and collecting taxes, such method is exclusive; and if it embraces a right of action, the conditions and manner of the action, as specified by the statute, must be strictly observed.

Our present revenue law does contain provisions for the enforcement and collection of personal taxes. Section 89 of that law is as follows:

"Sec. 89. No demand for taxes shall be necessary, but it shall be the duty of every person subject to taxation under the laws of the state to attend at the treasurer's office at the county seat and pay his taxes; *Provided,* That in counties under township organization the town collector shall, as soon as he receives the tax book or books, call at least once on the person taxed at his place of residence or business, if in town, city, or village, and shall demand payment of the taxes charged to him on his property. And if any person neglect so to attend and pay his

personal tax, or shall neglect and refuse after being called upon by the town collector, until after the first day of January next after such taxes become due, the treasurer, either by himself or deputy, or the sheriff of the county when directed by distress warrant issued by said treasurer to said sheriff, or the town collector, is directed to levy and collect the same, together with the penalty and costs of collection, by distress and sale of personal property belonging to such person in the manner provided by law for the levy and sale on execution, and the treasurer and town collector shall be entitled to the same fees for their services as are allowed by law for selling property under execution; *Provided*, That in case no personal property of the delinquent can be found, it shall be the duty of the treasurer and town collector, when directed so to do by order of the board of county commissioners, or the board of supervisors, to commence suit by civil action in the district court of said county in the same manner as other civil actions are commenced, and prosecute the same to judgment and collection by attachment, execution, or garnishment, as the case may require, and that no property whatever shall be exempt from levy and sale under process issued on the judgment obtained in such action, and in case judgment shall be recovered, costs shall follow the judgment without regard to the amount of said judgment; *Provided, further*, That in case any person having personal property assessed, and upon which the taxes are unpaid, shall, in the opinion of the treasurer and town collector, be about to remove out of the county, or in any other manner seek to put his personal property out of the reach of the treasurer or collector, it shall be the duty of the treasurer and town collector to collect such taxes by distress or attachment, as the case may require, at any time after the tax has become due. In case any person owing taxes remove, the treasurer and town collector shall, among other steps to collect such tax, forward, when necessary, such tax claim to the treasurer or

8

tax collector at the adopted residence or place of abode of
such tax debtor, and such taxes shall be collected at the
latter place as other personal taxes, by distress or civil
action, as the case may require, and return to the proper
county, less such charges for collection, as are hereinbefore
provided. And such treasurer, or tax collector, to whom
such tax claim shall be so forwarded, is hereby authorized
to commence and prosecute to judgment such civil action
as may be necessary in the district court of such county,
in the name of the board of county commissioners, or the
board of county supervisors, of the county from which such
tax claim shall be forwarded, immediately upon receipt
thereof by him, upon which judgment, without regard to
the amount thereof, the plaintiff shall recover costs, and
such judgment shall have the same effect as hereinbefore
provided when suit is brought in the county where such
tax is levied."

It will be observed that the section quoted authorizes
actions in three cases only. First, where no personal prop-
erty of the delinquent can be found, the treasurer or town
collector, when directed so to do by the commissioners or
supervisors, may commence an action in the district court
of the county where the tax is levied; secondly, if any
person having personal property assessed shall, in the
opinion of the treasurer or town collector, be about to re-
move out of the county or in any other manner seek to put
his personal property out of the reach of the treasurer or
collector, the treasurer and collector shall collect such taxes
by distress or attachment as the case may require; and
thirdly, if any person owing taxes remove, the treasurer
and town collector shall forward such tax claim to the
treasurer or tax collector at the adopted residence or place
of abode of such taxpayer, where the taxes may be col-
lected by distress or civil action. In the last case the
treasurer or tax collector to whom such claim is forwarded
is authorized to institute the action in the name of the

commissioners or supervisors of the county from which such tax claim was forwarded.

No other provisions for suit are found. This case is not within any of these classes. The suit was not brought in Clay county, where the tax was levied. York county was not the adopted residence or place of abode of the taxpayer, nor had the tax claim been forwarded to the treasurer or any collector of York county, nor has the treasurer or any collector of York county authorized the bringing of the suit.

Counsel for the defendants in error cite us to section 59 of the Code of Civil Procedure, which provides that actions against non-residents other than those mentioned in former sections relating to real estate "may be brought in any county in which there may be property of or debts owing to said defendant or where said defendant may be found." But this section is not applicable. It would be if the revenue law gave generally a right of action to collect taxes, but the right of action itself is given by the revenue law and extends only to the cases therein specified. Such an action is governed by the provisions of that act. A special provision in a statute relating to a specific subject-matter controls general provisions. (*McCann v. McLennan*, 2 Neb., 286; *Tecumseh Townsite Case*, 3 Neb., 267; *People v. Gosper*, 3 Neb., 310; *Albertson v. State*, 9 Neb., 429; *Richardson County v. Miles*, 14 Neb., 311.)

But the question really lies deeper than the mere determination of the forum by statutory construction. The right of action, where it exists at all, is given only by section 89 of the revenue act, and that statute prescribes the forum in which the action must be brought. It is clear that in a case where a tax debtor is about to remove from the county, the action must be brought in the county where the tax was levied. It is probable that after he has succeeded in removing from the county and in removing all his property therefrom the action might still be brought in

that county, and, in case he had removed from the state so that the last provision could not have effect, attachments might be issued from the county where the action was brought under section 202 of the Code, to counties where he might have property. That question is not, however, before us for determination. It is sufficient to say that this action was not properly brought. The district court of York county did not have jurisdiction and therefore the judgment is

REVERSED AND THE ACTION DISMISSED.

POST, J., not sitting.