| 102 | 477 |
| f105 | 418 |
| 105 | 424 |
| 105 | 426 |
| 102 | 477 |
| 106 | 131 |

FREDERICK O. CONANT, Appellant from decision of County
Commissioners of Cumberland County.

Cumberland.    Opinion May 9, 1907.

*Ways.  Laying out town ways.  Judicial duties of selectmen.  Selectman cannot be
petitioner, when.  Jurisdiction.  Appeal to County Commissioners.
Question of jurisdiction may be raised, when.
R. S., chapter 23, section 21.*

It is a maxim of the law that "a person ought not to be judge in his own
cause, because he cannot act both as judge and party," and this maxim
applies in all cases where judicial functions are to be exercised, whether in
proceedings of inferior tribunals or in courts of last resort.

The duties of municipal officers in laying out town ways are not ministerial
merely but judicial.

The laying out of a town way involves the taking of private property for
public use, under statute authority, and all statute requirements must be
fully and strictly complied with.

Municipal officers in laying out a town way are to exercise their judgment
as to the propriety of the way, and as to its location between the termini,
and especially in determining whether the pre-requisite conditions exist
which warrant the taking of private property for public use and awarding
damages to owners of land so taken.

When one of the selectmen of a town signs a petition for the laying out
of a town way in his town and such selectman is one of the two selectmen
who lay out the way and signs the return upon the petition for the way,
the action of the selectmen in laying out such way is void, and would be
void even if a sufficient number of the selectmen without him concurred in
the result.

When the owner of land over which a town way has been laid out by the
selectmen and accepted by the town, presents a petition to the county
commissioners praying for the discontinuance of such way and the county
commissioners after hearing affirm the location of such way and the peti-
tioner appeals to the Supreme Judicial Court and that Court as provided
by statute appoints a committee to hear the parties and report whether

the judgment of the County Commissioners should be in whole or in part affirmed or reversed, and such committee after hearing reports that the judgment of the County Commissioners " be wholly affirmed and in no part reversed," the question of jurisdiction of the County Commissioners, and any other questions affecting the legality of their proceedings, may be raised when the report of the committee is offered for acceptance.

On exceptions by plaintiff.    Sustained.

The selectmen of the town of Cape Elizabeth, upon the petition of fifty-two citizens of that town, one of whom was one of the selectmen of that town, laid out a certain town way in that town.    The written return of the proceedings of the selectmen was signed by two of their number, one of said two being the selectman who signed the petition for the way.    This return was filed with the town clerk as provided by statute.    Subsequently at a town meeting of the inhabitants of Cape Elizabeth the report of the selectmen in relation to the matter and the way as laid out by them were accepted.

The plaintiff, one of the owners of land over which the way was laid out, then presented a petition to the County Commissioners of Cumberland County praying that the County Commissioners would " determine that the action of said municipal officers in laying out said town way was unreasonable, and that common convenience and necessity did not require the laying out of said way by said municipal officers, and that common convenience and necessity did not require the acceptance of said town way by the inhabitants of said town ; that the action of said town in accepting said way was unreasonable and that your Honors will discontinue said way."

The County Commissioners, after hearing, affirmed the location of the way and dismissed the petition.    The plaintiff then appealed- to the Supreme Judicial Court as provided by statute.    That court in accordance with the provisions of the statute appointed a committee of three disinterested persons to hear the parties and report " whether the judgment of the commissioners should be in whole or in part affirmed or reversed."

The committee, after hearing, reported to the court " that the judgment of the County Commissioners, from which appeal was taken by said appellant in this cause, be wholly affirmed and in no part reversed." When this report was presented, the plaintiff filed several objections

thereto all of which were disallowed and report allowed by the pre-
siding Justice.    To these rulings the plaintiff took exceptions.

The case appears in the opinion.

*Payson & Virgin*, for plaintiff.

*Libby, Robinson, Turner & Ives*, for Town of Cape Elizabeth.

SITTING:   WISWELL, C. J., EMERY, STROUT, SAVAGE, POWERS,
PEABODY, SPEAR, JJ.

PEABODY, J.    This is an appeal from the decision of the County
Commissioners of Cumberland County dismissing the appellant's
petition dated April 2, 1904, wherein he alleged the action of the
municipal officers of the town of Cape Elizabeth in said county upon
the petition of certain inhabitants of the town for the laying out of
a public way from a point in Fowler Road, so called, to Great Pond,
so called, and the subsequent action of the inhabitants of the town
in accepting the report of the municipal officers accepting the way as
laid out by them, and represented that this action of the municipal
officers and of the inhabitants of said town was unreasonable; and
considering himself aggrieved by such laying out of the town way by
said municipal officers, prayed that the County Commissioners would
"determine that the action of said municipal officers in laying out
said town way was unreasonable and that common convenience and
necessity did not require the laying out of said way by said municipal
officers, and that common convenience and necessity did not require
the acceptance of said town way by the inhabitants of said town;
that the action of said town in accepting said way was unreasonable
and that your Honors will discontinue said way.

The case is before the Law Court on exceptions to the rulings
of the single Justice of the Supreme Judicial Court hearing the
appeal, in allowing the report of the committee which affirmed in
whole the judgment of the County Commissioners.

The history of the case is as follows :    The selectmen of the town
of Cape Elizabeth, upon the petition of A. R. Brown, F. H.
Peabbles, and fifty other citizens, laid out a town way leading
from the Fowler Road to a pond in the town called Great Pond, and

filed a written return of their proceedings, signed by Charles E. Jordan and F. H. Peabbles, Selectmen of Cape Elizabeth, Maine, with the town clerk, November 27, 1903, and reported the same to the town, at a meeting of its inhabitants held on the seventh day of December, 1903 ; and at this meeting the town accepted the report and the way as laid out by the municipal officers. Frederick O. Conant, one of the owners of land across which the way was located, presented the petition hereinbefore referred to, to the County Commissioners, who, after a hearing on December 14, 1904, affirmed the location made by the town, and the appellant thereupon appealed to the Supreme Judicial Court, at the January term thereof, 1905. The Appellate Court, at the April term, 1905, appointed Ardon W. Combs, Barrett Potter and Scott Wilson a committee to hear the parties and report whether the judgment of the County Commissioners should be, in whole or in part, affirmed or reversed. The committee gave a hearing and made their report to the court, and objections thereto being filed by the appellant, a hearing was had thereon at the October term, 1905. The objections to the report were stated under seventeen specifications, all of which were disallowed, and the report of the committee was allowed by the presiding Justice. To these rulings the appellant excepted.

The bill of exceptions raises important questions affecting the validity of the laying out of the town way, but we find it unnecessary, and therefore deem it injudicious, to decide all the points presented by the exceptions, and consider one of the exceptions only which is, we believe, decisive against the validity of the way. The appellant moved that the report of the committee be not accepted, for the reason, among others, stated in his third specification of objections, which is as follows:

"III. It appears from the record that F. H. Peabbles, one of the two selectmen, who signed the return upon the petition for the way, also signed the petition for laying out the way."

The laying out of a town way involves the taking of private property for public use, under statute authority, and all statute requirements must be fully and strictly complied with. *Leavitt* v. *Eastman*, 77 Maine, 117.

The bill of exceptions shows that one of the selectmen, who signed the report of the location of the town way, was also a petitioner for the way. The duties of municipal officers in laying out town ways are not ministerial merely, but judicial. They are to exercise their judgment as to the propriety of the way, and as to its location between the termini, and especially in determining whether the pre-requisite conditions exist, which warrant the taking of private property for public use and awarding damages to owners of land so taken.

It is a maxim of the law that "A person ought not to be judge in his own cause, because he cannot act both as judge and party," and it applies in all cases where judicial functions are to be exercised, whether in proceedings of inferior tribunals or in courts of last resort. *Dimes* v. *Proprietors of Grand Junction Canal,* 3 House of Lords Cases, 759, 793; *Queen* v. *Justices of Hertfordshire,* 6 Q. B. 753; *State* v. *Castleberry,* 23 Ala. 85; *Meyer* v. *City of San Diego,* 121 Cal. 102; *Tootle* v. *Berkley,* 60 Kan. 446; *Pearce* v. *Atwood,* 13 Mass. 324; Cooley's Constitutional Limitations, 592, 595. This rule has been established since the earliest periods of the common law. *Bonham's Case,* 8 Coke, 118. The reason for it expressed by Bronson, J., in *People* v. *Suffolk Com. Pleas,* 18 Wend. 550, shows its universal application: "Next in importance to the duty of rendering a righteous judgment, is that of doing it in such a manner as will beget no suspicion of the fairness and integrity of the judge." *Lyon* v. *Hamor,* 73 Maine, 56.

Selectman Peabbles was thus disqualified, and this rendered the judgment of the board void, and would have had this effect, even if a sufficient number without him concurred in the result. *State* v. *Delesdernier,* 11 Maine, 473; *ex-parte Hinkley,* 8 Maine, 146; *Friend, Applt.* v. *County Commissioners,* 53 Maine, 387; *Andover* v. *County Commissioners,* 86 Maine, 185; *Case* v. *Hoffman et als.,* 100 Wis. 357.

The petitioner could undoubtedly have attacked the proceedings collaterally, *Small* v. *Pennell,* 31 Maine, 267; he elected, however, to have the question of the validity of the laying out of this town way definitely determined. The closing prayer of his petition to be technically exact should have been to reverse the action of the municipal officers and not to discontinue the way, but the purport of the alle-

gations and prayers of the petition clearly shows that the appellant intended to seek redress of his grievances under the provisions of R. S., ch. 23, sec. 21, and they are sufficient.

The commissioners did not dismiss the petition for want of jurisdiction, but assuming jurisdiction, though erroneously, they sought to affirm the location of the way ; and the committee acted upon the same theory as is indicated by their report, "that the judgment. of the County Commissioners from which appeal was taken by said appellant in this cause be wholly affirmed and in no part reversed."

The question of jurisdiction of the County Commissioners, and any other questions affecting the legality of their proceedings, may be raised when the report of the committee of appeal is offered for acceptance. *Philips* v. *County Commissioners*, 83 Maine, 541 ; *Hodgdon* v. *County Commissioners*, 68 Maine, 226 ; *Goodwin* v. *County Commissioners*, 60 Maine, 328 ; *Winslow* v. *County Commissioners*, 31 Maine, 444.

The objection of the petitioner should have been sustained and the report of the committee should have been rejected. *Belfast* v. *County Commissioners*, 52 Maine, 529 ; *Wells* v. *County Commissioners*, 79 Maine, 522; *Donnell* v. *County Commissioners*, 87 Maine, 223.

*Exceptions sustained.*

*Appeal sustained.*

*Judgment of County Commissioners reversed.*