WILLIAM HORNER ET AL., APPELLANTS, V. G. D. EELLS ET AL., APPELLEES.

FILED DECEMBER 31, 1925. No. 24914.

**Eminent Domain:** HIGHWAYS: DAMAGES: RELIEF IN EQUITY. Where, in proceedings to establish and open a public road, appraisers, appointed under section 2581, Comp. St. 1922, to view the ground and report upon the amount of damages sustained by claimants, fail to perform the service enjoined according to the provisions of that section, and the county clerk fails to give notice to claimants whose claims are disallowed, in whole or in part, according to the provisions of section 865, Comp. St. 1922, and claimants are thereby deprived of an opportunity to appeal from the action of the county board, a court of equity may grant claimants suitable relief.

APPEAL from the district court for Lincoln county: J. LEONARD TEWELL, JUDGE. *Reversed, with directions.*

*Halligan, Beatty & Halligan,* for appellants.

*Wells C. Jones, contra.*

Heard before MORRISSEY, C. J., DAY, GOOD, THOMPSON, and EBERLY, JJ.

MORRISSEY, C. J.

Plaintiffs brought this action in the district court for Lincoln county to enjoin defendants, who are county commissioners of that county, from opening a road through plaintiffs' land. The court granted plaintiffs only partial relief, and they have appealed.

A petition in the usual form, praying that the road involved in this suit be opened, was filed with the county clerk; proper notice was given, and the board adopted a resolution granting the prayer of the petition.

Each plaintiff filed a claim for the damages which he might suffer because of the opening of the road. The county clerk, in compliance with the statute, appointed "three suitable and disinterested electors of the county as appraisers."

Section 2581, Comp. St. 1922, provides that such appraisers shall determine the amount of damage to which the claimant is entitled and file their report in the office of the county clerk within 30 days after the day of their appointment.

The appraisers were appointed November 21, 1921, the day fixed in the notice as the last day upon which claims for damages might be filed, but the appraisers made no report to the county clerk until long after the expiration of the 30 days fixed by statute. No action was taken by the county board upon this report until May 8, 1922, when, without the knowledge of any of the plaintiffs, the county board took up for consideration the claims for damages filed by plaintiffs, and the report made by the appraisers, allowed the claims in part and disallowed the claims in part, and awarded plaintiffs damages in amounts substantially less than the amounts allowed by the appraisers.

May 29, more than 20 days after the action of the county board upon the claims, the county clerk mailed notices to the respective landowners of the action of the county board.

The court found that there was no affirmative showing that notice of the disallowance of the various claims was not mailed within 5 days after the action of the board, and

further found, as a matter of law, that the giving of such notice was not required.

On the evidence we reach a different conclusion. Plaintiffs' exhibit O, being one of the original notices mailed by the county clerk, shows upon its face that it was not written until May 29, 1922, and there is nothing in the record to indicate that any earlier notice had been sent out informing plaintiffs of the action of the county board upon their claims.

We are persuaded that the trial court's conclusion of law as to the necessity for the mailing of notices may be due to a misleading foot-note to section 865, Comp. St. 1922, which represents the case of *Richardson County v. Miles,* 14 Neb. 311, as holding that a claim for damages arising out of the location of a road is not such a claim as falls within the provisions of section 865, *supra,* which reads in part, as follows:

"Upon the disallowance of any claim, it shall be the duty of the county clerk to notify the claimant, his agent or attorney, in writing, of the fact, within five days after such disallowance. Notice mailed within said time shall be deemed sufficient."

It is true that in the body of the opinion it is intimated, by way of *dicta,* that such claims are not within the contemplation of this section of the statute, but a careful reading of the opinion shows that such is not the holding of the court. In that case a claimant had failed to comply with a provision of the statute in regard to perfecting his appeal from an order of the county board, and the necessity of such compliance was the real matter before the court. In the instant case, the officers of Lincoln county failed to comply with the provisions of section 2581, Comp. St. 1922, requiring the appraisers to make their return within 30 days from the date of their appointment; and failed to comply with the provision of section 865, Comp. St. 1922, requiring the giving of notice to claimants of the action of the county board. Because of the noncompliance with the statute by the county officers, plaintiffs were denied

their statutory rights, and are entitled to the relief prayed. *Conant's Appeal*, 102 Me. 477; *Ruhland v. Supervisors of Hazel Green*, 55 Wis. 664; *Crawford v. City of Bridgeport*, 92 Conn. 431.

The judgment of the district court is reversed and the cause remanded, with directions to enter a judgment as prayed in plaintiffs' petition, but without prejudice to any subsequent proceeding, instituted and conducted according to law, to establish and open a road over the property involved in this proceeding.

REVERSED.