IN RE ESTATE OF HERMAN H. BADBERG.
E. F. TONSING, APPELLANT: C. L. KELLY, COUNTY TREASURER, APPELLEE, V. CARL BADBERG, ADMINISTRATOR, APPELLANT.

FILED JANUARY 15, 1936. No. 29429.

*Mueller & West* and *Peterson & Devoe,* for appellant Tonsing.

*Bernard M. Spencer,* for appellant Badberg.

*Moran & James* and *George H. Heinke, contra.*

Heard before GOSS, C. J., ROSE and PAINE, JJ., and REDICK and KROGER, District Judges.

GOSS, C. J.

The district court ordered the claim of C. L. Kelly, county treasurer, for personal taxes, to be paid prior to the claim of E. F. Tonsing, the undertaker, for funeral expenses, and prior to the payment of any other claim. The administrator and the undertaker appeal.

Herman H. Badberg's personal taxes were duly assessed in Otoe county and were unpaid in the following amounts: For 1930, $101.13; for 1931, $63.95; and for 1932, $42.44. He died intestate February 29, 1932. Carl Badberg was appointed administrator. The county treasurer duly filed claims for the above amounts with statutory interest from the dates of the respective delinquencies. December 1, 1932, the claims were allowed in the total sum of $234.03, to bear 10 per cent. interest per annum.

E. F. Tonsing, the undertaker, duly filed his claim for $225 for funeral expenses. It was allowed in that sum on July 23, 1932, to bear interest at 7 per cent. Dr. C. T. Gritzka's claim for services in the last illness, duly filed, was allowed on the same day for $35, bearing 7 per cent. interest. Other claims were allowed in the aggregate amount of $2,223.18.

The administrator's report showed that he had sold the personal property left by the deceased for several times the total personal taxes allowed as above indicated. The report showed in detail that, after a sale of all the property of the deceased and the payment of the necessary costs of

administration, he had $485.45 to pay all the claims allowed and to pay any further costs of administration. The estate is therefore insolvent. He made written application for directions to pay out the amount on hand as follows: First, for any balance of costs; second, to pay the Tonsing claim; third, to pay the Gritzka claim; the balance, if any, to be applied in payment of the claim of the county for personal taxes. On appeal in the district court the administrator was ordered to pay the claim for personal taxes allowed in favor of the county treasurer prior to any other claim allowed against the estate.

The evidence shows that no distress warrant was ever issued for the collection of the personal taxes. No question is raised by appellants as to the validity of the taxes. It is argued by appellants (1) that the statutory remedy for collection of personal taxes is by distress warrant and sale; (2) that where the law provides a remedy it is exclusive; (3) that the county treasurer has only a general claim against the estate; and that, therefore, the claim of appellant Tonsing for funeral expenses has preference over all claims except costs. *Contra,* appellee argues that personal taxes are a continuing first lien, that when the personal property of decedent was taken charge of by the administrator it was in the custody of the law and beyond the power of distraint, but that the lien remained not only upon the personal property but upon its proceeds when reduced to cash, and that it was the duty of the administrator to pay this lien, subject to costs, prior to payment of preferences fixed by the statute of distribution of insolvent estates.

Section 30-615, Comp. St. 1929, says: "If the assets which the executor or administrator may have received and which can be appropriated to the payment of debts shall not be sufficient, he shall, after paying the necessary expenses of administration, pay the debts against the estate in the following order: First. The necessary funeral expenses, which shall be a preferred claim only to an amount not exceeding Two Hundred and Fifty Dollars

($250.00) for casket and services of undertaker. Second. The expenses of the last sickness. Third. Debts having a preference by the laws of the United States. Fourth. Debts due to other creditors."

Section 77-204, Comp. St. 1929, reads as follows: "Taxes assessed upon personal property shall be a first lien upon the personal property of the person to whom assessed from and after the first day of November of the year in which they are assessed, until paid."

Section 77-1915, Comp. St. 1929, provides for collection of personal taxes by distraint and sale in the manner provided by law for the levy and sale of personal property on execution.

It is argued by appellants that, where the statute provides a remedy for the collection of taxes, that remedy is exclusive. They cite in support thereof *Nebraska City v. Gas Co.*, 9 Neb. 339, 2 N. W. 870 (decided in 1879), wherein the city sought to set off taxes against the gas company in an action by the company for gas furnished the city under a contract. The court sustained plaintiff's demurrer to defendant's answer, and in support thereof cited cases from other jurisdictions to the effect that, where a summary method of collecting the personal taxes against a party is given by statute, "No action can be maintained to compel the payment of * * * taxes, except in the particular cases in which an action is given by statute."

In 1884, in *Millett v. Early*, 16 Neb. 266, 20 N. W. 352, this court decided that, under the revenue law of 1869, wherein personal taxes were not a lien but were to be collected "in the manner provided by law for the levy and sale of property upon execution," yet "That in case of the death of a party liable for such taxes a claim for the same was properly filed against his estate." The opinion expressly adhered to the ruling in *Nebraska City v. Gas Co., supra,* but bottomed the particular rule here upon the ground that "The act of filing a claim against an estate is not in a proper sense an action. The statute requires all claims against the estate which are to be paid out of the

general assets to be filed and allowed; and as taxes upon personalty are to be collected from any personal property of the person against whom they were assessed that can be levied upon, they certainly constitute a claim against the estate."

In *Richards v. County Commissioners, Clay County,* 40 Neb. 45, 58 N. W. 594 (also cited by appellants), the precise situation involved the right of the county commissioners to enforce by an action in attachment against the lands of Richards (who had become a nonresident) taxes which had been duly assessed against his personalty in Clay county. He had removed the property and his residence to another state. It was held, in an opinion by Judge Irvine, that the action would not lie, but that, as the legislature "has prescribed a remedy by action under certain circumstances in a particular forum and in a particular manner, no action will lie, except under the circumstances prescribed, in the forum provided, and after the manner defined." The writer of the opinion carefully distinguished *Millett v. Early, supra,* and stated that the decision of the court therein was upon the ground that the filing of a claim against an estate is not an action.

We do not review the other citations by appellants because we find nothing in them which militates against the distinguishing feature of *Millett v. Early, supra,* nor do we find that the principle set forth in that case has been overruled or modified.

Section 77-1901, Comp. St. 1929, says: "No demand for taxes shall be necessary, but it shall be the duty of every person subject to taxation to attend at the treasurer's office and pay his taxes." Accordingly, this court, in *State v. Ord State Bank,* 117 Neb. 189, 220 N. W. 265, held that personal taxes are a first lien upon the assets of an insolvent state bank in the hands of the receiver and that a claim need not be filed as ordinary claims of creditors. The opinion cites *Millett v. Early, supra,* as holding "merely that it was proper for the county to file a claim in estate proceedings."

Section 4, art. 8, Nebraska Constitution, says: "The legislature shall have no power to release or discharge any county, city, township, town or district whatever, or the inhabitants thereof, or any corporation, or the property therein, from their or its proportionate share of taxes to be levied for state purposes, or due any municipal corporation, nor shall commutation for such taxes be authorized in any form whatever." Under the rule described in this section, it is doubted that the legislature would have power to make the first lien of personal taxes subject to the claim of the undertaker and subject to the expenses of the last sickness, as appellants seek to have done here by section 30-615, Comp. St. 1929. However, because the point was not raised, we do not decide it, but base our decision upon the rule in *Millett v. Early, supra,* that the filing of the claim was not an action, and upon our interpretation of the applicable statutes.

It seems to us to be clear that, under statutes which make personal taxes a first lien upon the personal property of one against whom they are assessed until they are paid, which make it the duty of the person subject to taxation to pay his taxes, under the unreversed principle of *Millett v. Early, supra,* and perhaps under the rule of the Constitution heretofore quoted, the taxes sought to be impressed by the county upon the personal estate of the deceased was a first lien, notwithstanding the provisions of section 30-615, Comp. St. 1929, providing for preferred claims in the payment of "debts against the estate." "The statute requires all claims against the estate which are to be paid out of the general assets to be filed and allowed; and as taxes upon personalty are to be collected from any personal property of the person against whom they were assessed that can be levied upon, they certainly constitute a claim against the estate. While such taxes are not a debt in the ordinary meaning of the word, they do constitute an obligation imposed by law, for which the estate is liable." *Millett v. Early,* 16 Neb. 266, 20 N. W. 352.

The judgment of the district court is

AFFIRMED.