REQUESTED BY: Dear Senator DeCamp:
This is in reply to your letter of January 30, 1980, concerning LB 306, as it has been amended as of January 30, 1980. It supplements our letter to you dated February 4, 1980.
In your letter you asked this office to supplement its opinion set forth in its letter to you dated February 4, 1980. Specifically, you ask whether the provisions of LB 306 as amended grant a different right to creditors after the death of the decedent for the allowance of claims for `debts contracted for in writing, taxes, and expenses of administration, including statutory allowances to the surviving spouse, minor children and dependent children' than the creditors would have had prior to the death of the decedent.
It is the opinion of this office that LB 306 as amended does grant a different right to creditors or claimants after the death of the decedent than such creditors or claimants would have had prior to the death of the decedent.
We know of no court decision or statutory provision which makes one joint owner of property personally liable for the sole or personal debts or obligations of another joint owner of property while the joint ownership exists. Nor are we aware of any court decision or statutory provision which makes one joint owner of property personally liable for the sole or personal debts or obligations of another joint owner of property upon or after termination of the joint ownership of property either by conveyance of its individual interest to a third party by one of the joint owners or by conveyance of his individual interest by one joint owner to the other joint owner.
In the case of a conveyance by one joint owner to the other joint owner, the grantee may become personally liable after conveyance to a purchaser in good faith if the conveyance of his individual interest by one joint owner to the other joint owner was with intent to defraud creditors. However, it is not the purpose of LB 306 as amended to deal with fraudulent conveyances by the deceased. Section 30-2471
R.R.S. 1943 covers fraudulent conveyances by the deceased.
It is the opinion of this office that LB 306 as amended confers a right upon creditors or claimants for claims set forth in LB 306 as amended which said creditors or claimants did not have prior to the death of the decedent. That right is to have the joint survivor held personally liable to the personal representative, if other assets of the estate are insufficient to the extent of the decedent's beneficial interest in the property immediately before his or her death.
You also ask in your letter if a different right to creditors is conferred by LB 306 as amended, does the Chambers' amendment make the bill in effect, contradictory.
In the broadest construction of the Chambers' amendment, there can be no doubt that Senator Chambers' proviso is totally contradictory and repugnant to the purview or main body of the act because a new right is conferred in the main body of the act and all who have the type of claim set forth in the main body of the act could be construed as being creditors. If our court were to so construe the bill, the proviso would be void and inoperative for repugnancy. This, of course, means the bill would be enforced as written prior to Senator Chambers' amendment.
It is the opinion of this office, however, that the bill would not be so construed. With respect to provisos, our Supreme Court in Kinney Loan Finance Co. v. Sumner,159 Neb. 57, 65 N.W.2d 240 (1954), states at page 67:
 "`The fundamental rule of statutory construction is to ascertain and, if possible, give effect to the intention or purpose of the legislature as expressed in the statute.' 82 C.J.S., Statutes, § 321, p. 560. The same rule applies to a proviso. In that regard, as stated in § 381, p. 885: `A proviso should be construed together with the enacting clause or body of the act, with a view to giving effect to each and to carrying out the intention of the legislature as manifested in the entire act and acts in pari materia. A strict but reasonable construction is to be given to the proviso so as to take out of the enacting clause only those cases which are fairly within the terms of the priviso.'. . ."
With the foregoing in mind, a strict but reasonable construction to be given to the proviso so as to take out of the main body of LB 306 as amended, only those cases which are fairly within the terms of Senator Chambers' proviso, in our opinion, would be to exclude only `debts contracted for in writing'.
What is meant by `creditors' as used in Senator Chambers' proviso is the key to the construction to be given to the proviso. If `creditors' is intended to apply to `debts, taxes, expenses of administration, including statutory allowances, to the surviving spouse, minor children, and dependent children', then the proviso would be void and inoperative for repugnancy. This construction, however, would give no meaning to the proviso.
Since the construction of a proviso is to be strict but reasonable, it is necessary to know what constitutes a strict but reasonable meaning of the word `creditors'. The following citations aid in determining such a meaning.
In construing who are creditors to be notified by a bank receiver by statute requiring such notice, our Supreme Court in State, ex rel. Spillman v. Ord State Bank,117 Neb. 189, 220 N.W. 65 (1928), at page 193 stated:
 ". . . but we think that the county was not a creditor, within the meaning of the statute, to whom notice was required to be mailed, for two reasons:
 (1) The term `creditor' is defined by Webster as `one who gives credit in business matters; hence, one to whom money is due;' and in ordinary acceptation has reference to financial or business transactions. It is in this sense that the term is used in the statute."
Our Supreme Court in Richards v. County Commissioners,Clay County, 40 Neb. 45, 58 N.W. 594 (1894), 42 Am.St.Rep. 650, stated at page 48:
 "We think it is well settled, therefore, that a tax is not a debt capable of enforcement generally by civil action; . . ."
In Logrbrink v. Eugene State Bank, 240 Mo.App. 517,209 S.W.2d 265 (1948), the court stated at page 270:
 ". . . `A creditor in its strict legal sense, is one who voluntarily gives credit to another for money and for other property, but, in its more general and extensive sense, is one who has a right by law to demand and recover of another a sum of money on any account whatever. . .'"
In Collins v. Ruffner, 185 Tenn. 290, 206 S.W.2d 298
(1947), the court stated at page 300:
 "And in Williams v. Conrod, 30 Tenn. 412, at page 418, in construing the statute regulating the administration of estates, the court said: `* * * In the construction of this statute (Acts 1715, Chapter 48) it was settled at an early day, and the decision has been followed, that all persons are `creditors' who have demands originating from contracts or agreements.'"
In an Indiana case, State, ex rel. Gentry v. O'Byrne,221 Ind. 282, 46 N.E.2d 687, 689 (1943), construing a statute providing for granting of letters of administration to a creditor the court stated:
 ". . . A creditor, within the meaning of the statute, is one to whom the decedent was indebted. Hillebrand v. Kinney, 172 Ind. 447, 87 N.E. 832 (1909), 19 Am.Cas. 788. . ."
In Boston v. Turner, 201 Mass. 190, 87 N.E. 634
(1909), the court stated at page 635:
 "* * * `Creditor' is ordinarily used as the antonym of `Debtor' and involves a debt and a credit. It commonly signifies one who holds some contractual obligation against another. * * * A tax, however, has uniformly been held in this commonwealth not to be a debt."
In the case of In re Brezin, D.C.N.J., 297 F. 300, the court stated at page 305:
 "The government's claim against bankrupt's estate for `taxes' is not to be classed with a creditor's claim for the payment of an ordinary debt, for `taxes are not debts, but imposts levied for support of the government.' (Citations omitted)."
It should be clear from the above authorities that a strict and reasonable construction of the word `creditor' in LB 306 as amended could only be applied to claims for `debts contracted for in writing' and is inconsistent therewith. In our letter of February 4, 1980, we stated that the rule governing such inconsistency is found in 82 C.J.S. Statutes, § 381(4) at page 889:
 ". . . It is generally agreed that, where the inconsistency is only partial, the proviso is valid and prevails to the extent of the inconsistency."
It follows then, that Senator Chambers' proviso would exclude `debts contracted for the writing'. The other classes of claims would remain unaffected by the proviso.