ISAAC A. HILL v. RUSH H. PALMER.

[FILED SEPTEMBER 15, 1891.]

1. **Taxes: PERSONALTY: WHEN LIEN ATTACHES.** Taxes assessed under section 139, chapter 77, Comp. Stats., *held*, a lien on all personal property of the taxpayer from the delivery of the tax books to the collector and his demand for payment without regard to the property assessed.

2. ——: ——: **SALE WITHOUT NOTICE.** Personal property sold and transferred without notice of taxes due prior to warrant and levy, and without evidence of the statutory requirements creating the lien, *held*, not subject to sale for prior taxes against vendor..

ERROR to the district court for Kearney county. Tried below before GASLIN, J.

*St. Clair & McPheely*, for plaintiff in error, cited: *Worthen Collector v. Quinn*, 12 S. W. Rep. [Ark.], 156.

*Godfrey & Godfrey*, contra, cited: *Binkert v. R. Co.*, 98 Ill., 218; *Ream v. Stone*, 102 Id., 359; *Kirkwood v. Magill*, 6 Kan., 540.

COBB, CH. J.

The plaintiff below replevied of the plaintiff in error the following goods and chattels:

Eleven pairs Walker boots, at $1.75................ $19 75
Twelve pairs Blucker shoes, at $1.75............... 21 00
Ten pairs Nelson & Son, at $3.60.................. 36 00·
Eleven pairs Nelson & Son, at $2.20.............. 24 20·

Of the value of one hundred dollars and ninety-
   five cents............................................. $100 95·
alleging that he wrongfully and unlawfully detained the same for eighteen days, to his damage $——, and that the same were not taken in execution, or any order, or judg-

ment against the plaintiff, or for the payment of any tax, fine, or amercement assessed against him, or by virtue of any order of delivery issued under the chapter of the Code of Civil Procedure for the replevin of property, or on any other *mesne* or final process issued against him; praying judgment for the return of the property, or for the value, and damages for the detention of the property.

The defendant answered, admitting the plaintiff's allegations, and setting up that he took the property by virtue of a tax warrant issued by the treasurer of Lincoln township, of said county, for the collection of taxes duly levied on the property, and other personal property, of Peter P. Swanson. That at the time of the levy, and after the tax books for said township were received by the treasurer, the property was owned by and in possession of Swanson, and was subject to levy and seizure, as exemplified by a copy of the warrant. That on April 23, 1889, Swanson sold the property to the plaintiff, for value, and he was in possession at the time the tax warrant was levied.

"WARRANT.

"To the sheriff of Kearney county: Whereas taxes to the amount of $64.52, for 1888, against Peter P. Swanson, with interest at 10 per cent per annum, from February 1, 1889, are due to Kearney county, and unpaid, you are commanded to collect the same with the penalties and costs, as provided by law, out of the goods and chattels of Swanson, and pay the same to the treasurer of said county, and to return this writ within thirty days with the manner you have executed the same.

"Witness my hand this 25th April, 1889.

"W. F. Chisler,
"*Township Treasurer, Lincoln Township, School District
No. 10, Kearney County, Nebr.*"

The plaintiff replied that the property was a part of a stock of goods of a shoe store in Minden, Nebraska, held

for sale by Swanson; that there was no proof that the property in controversy was owned by him at the time of the levy of the tax, and the plaintiff denied the same.

The issue was submitted to the court without a jury on the stipulation:

1. That on April 1, 1888, to April 1, 1889, Swanson was the owner and in possession of the following part of the goods and chattels in controversy:

| | |
|---|---|
| Eleven pairs Walker boots, at $1.75..... ............ | $19 75 |
| Ten pairs Nelson & Son's boots, at $3.60 ......... | 36 00 |
| Eleven pairs Nelson & Son's boots, at $2.20 ...:.. | 24 20 |
| | $79 95 |

And of the following from April 1, 1889, to April 23, 1889, twelve pairs Blucker shoes, at $1.75, 21 00

$100 95

2. That the tax assessed against Swanson for 1888, (still unpaid) was $64.

3. That on April 23, 1889, the plaintiff purchased all of the goods replevied without actual notice of the lien for taxes.

4. On April 25, 1889, the tax warrant was issued and levy made by defendant on the property and possession taken by defendant.

5. The value of the property is stated by the plaintiff.

The court found the right of property, and the right of pos-ession thereto, in the plaintiff, with judgment of one cent damages for the wrongful detention thereof, and costs of suit.

The defendant's motion for a new trial having been overruled, the following error is assigned for review:

1. The judgment is contrary to law, and to the evidence.

Section 139 of chapter 77 (Comp. Stat., 701) provides that "Taxes assessed upon personal property shall be a lien upon the personal property of the person assessed, from and

after the time the tax books are received by the collector."
By the provisions of section 89 of the same revenue
law, " *    *    * In counties under township organization,
the town collector shall, as soon as he receives the tax
books, call at least once, on the person taxed, at his place
of residence, or business, if in town, city, or village, and
shall demand payment of the taxes charged to him on his
property. And if any person shall neglect and refuse, after
being called upon by the town collector, until after the first
day of January next after such taxes become due, the treas-
urer, or his deputy, or the sheriff of the county, when di-
rected by distress warrant issued by the treasurer, is directed
to levy and collect the same, together with the penalty and
costs, by distress and sale of personal property belonging to
such person in the manner provided by law for the levy
and sale on execution."

While sec. 89 of the law requires the town collector, as
soon as he receives the tax book, to call at least once on the
taxpayer at his place of residence or business, if in town,
city, or village, and demand payment of the taxes charged
to him on his property, it does not appear from any evi-
dence in the case, the date of the receipt of the tax books,
or that any demand was made for payment as required.

Section 95 of the law, entitled "Collections—how made,"
also provides that the taxpayer shall be called upon at
least once at his place of residence or business, if in the
town, city, or village of the collector, and demand shall.
be made for the payment of the taxes charged to him on
his property. It does appear, from the evidence, that the
goods in controversy, distrained for the taxes of Swanson
on April 25, 1889, were the property of the defendant in
error on the 23d of April previous, without actual notice
of the tax lien. The warrant is dated on April 25, and
the levy followed. It was a warrant to collect the taxes
with penalties and costs, as provided by law, out of the
goods and chattels of Swanson. The question presented

is that of the continuous tax lien against the goods of Swanson, after sale and transfer to other parties without notice and before levy.

Counsel for plaintiff in error contend in their brief that "the goods replevied were seized by the plaintiff in error under the command of said tax warrant, and said warrant issued under sec. 139, chap. 77, Statutes of Nebraska. There is no controversy between the parties about the facts, the same being either admitted by the pleadings or covered by stipulation; but we claim on behalf of the plaintiff in error, who in this case represents the commonwealth in the attempt to collect the revenue levied for the support of the several branches of local government, that the lien established by said section 139 is a continuing lien, and is not lost by a sale and delivery to the purchaser of the property, valued and assessed, for local and state taxes. In other words, that notwithstanding the goods were sold and delivered by Swanson before the levy and seizure on the tax warrant, still they were and are liable by virtue of the lien created by the statute." There is no authority cited for this construction of the statute in this state.

In the case of *Binkert v. Wabash Railway Co.*, 98 Ill., 206, it was held, that under section 254, of the Revised Statutes of that state, of 1874, "the taxes assessed upon personal property shall be a lien upon the personal property of the person assessed from and after the tax books are received by the collector." The lien given for the personal tax has no reference to the property originally assessed, but is a lien that attaches to all the personal property of the taxpayer, without regard to whether it was previously assessed or not. The words of the section negative the construction that the lien follows the assessed property, or that it creates any lien upon such property, unless it belongs to the tax debtor at the time of the receipt of the tax book by the collector. Had the legislature intended otherwise it would have provided a lien upon the property

assessed, and not, as in this case, upon the property of the person assessed. When the tax books come to the collector's hands, the personal taxes at once, and not before, just like an execution, become a lien upon all the personal property of the tax debtor without regard to what he may have owned when the assessment was made." Section 139 of our revenue law is in the words of section 254 of the Illinois statute, under which this decision was given. There is no proof submitted as to the delivery of the tax books to the collector, the origin and date of the tax lien, or of notice to the tax debtor and demand of payment. We therefore find that there is no sufficient evidence of a tax lien upon the property sold for taxes and replevied by the defendant in error; that the tax warrant was issued against the property of Swanson, and not against that of the defendant in error, which was wrongfully levied upon by the plaintiff in error. The judgment of the district court is

AFFIRMED.

THE other judges concur.