MIDLAND GUARANTY & TRUST CO. v. DOUGLAS COUNTY et al.

(Circuit Court of Appeals, Eighth Circuit.   September 10, 1914.)

No. 4182.

1. TAXATION (§ 572*)—NATURE OF LIABILITY—"DEBT."

Under the Nebraska law, taxes are not "debts," in the ordinary sense, and an action will generally not lie to recover them.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 1132–1137; Dec. Dig. § 572.*

For other definitions, see Words and Phrases, First and Second Series, Debt.]

2. TAXATION (§ 507*)—TAXES ON PERSONAL PROPERTY—LIEN.

When taxes on personal property become delinquent in November of each year, as provided by Cobbey's Ann. St. Neb. 1911, § 10914, the tax

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

becomes a lien, not only on the identical personal property taxed, but on all personal property of the taxpayer within the county.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 937–941; Dec. Dig. § 507.*]

**3.** Taxation (§ 573½*)—Taxes—"Personal Obligation"—Enforcement.

While, under the Nebraska law, each piece of real estate is liable only for the taxes assessed against it, and the owner is not personally liable therefor, the assessment of personal taxes is a "personal obligation" of the property owner, though he is not ordinarily subject to a suit to collect the same, because the statutes have provided another adequate and exclusive remedy.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 1145, 1146; Dec. Dig. § 573½.*

For other definitions, see Words and Phrases, First and Second Series, Personal Obligation.]

**4.** Taxation (§ 390*)—Railroad Property—Assessment—Personal Property.

Where railroad property located in Nebraska was in the hands of a receiver, it was properly listed by him for taxation, and assessed as personal property, as provided by Cobbey's Ann. St. Neb. 1911, §§ 10927, 10985.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 652–655, 658, 659; Dec. Dig. § 390.*]

**5.** Receivers (§ 153*)—Claims—Taxes—Collection.

Where railroad property located in Nebraska was in the hands of a receiver, and was properly assessed for taxes as personal property, the railroad company being hopelessly insolvent, the taxes were collectible from the receiver, as provided by Cobbey's Ann. St. Neb. 1911, §§ 10915, 10937.

[Ed. Note.—For other cases, see Receivers, Cent. Dig. §§ 276, 277; Dec. Dig. § 153.*]

**6.** Receivers (§ 153*)—Claims—Taxes—Collection.

Where a receiver of property of an insolvent railroad company was liable for taxes payable to the county, the proper method to collect the taxes was for the county to appear in the receivership case and pray for an order directing payment by the receiver.

[Ed. Note.—For other cases, see Receivers, Cent. Dig. §§ 276, 277; Dec. Dig. § 153.*]

Appeal from the District Court of the United States for the District of Nebraska; W. H. Munger and Thos. C. Munger, Judges.

Claim by the County of Douglas and others against Arthur English, as receiver of the property of the Nebraska Traction & Power Company and the Midland Guaranty & Trust Company, trustee, in mortgage foreclosure proceedings, to recover certain taxes. From an order directing the payment of the taxes, the trustee appeals. Affirmed.

H. C. Brome, of Omaha, Neb. (Clinton Brome, of Omaha, Neb., on the brief), for appellant.

Charles Haffke, of Omaha, Neb., for appellees.

Before SANBORN and SMITH, Circuit Judges, and TRIEBER, District Judge.

SMITH, Circuit Judge. This suit was commenced by the Carbon Timber Company against the Nebraska Traction & Power Company, hereafter called the Power Company, and the Midland Guaranty &

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Trust Company, to foreclose a lien for materials used upon the property of the Power Company. The Power Company is a railroad corporation organized under the laws of Nebraska, and owned an interurban railway located in Douglas and Sarpy counties in that state. Arthur English was appointed as receiver of the property of the Power Company on October 28, 1910. The Trust Company named held a mortgage on the railroad, and it filed a cross-bill asking foreclosure. On May 20, 1913, decree was entered finding the amount due on the mortgage to be $192,400, and the receiver was ordered to sell the property and that:

"The proceeds of such sale be applied to the payment of the outstanding receiver's certificates, costs of suit, certain liens adjudged by the court to be prior to the lien of said mortgage, and the residue of the proceeds of said sale, if any, to be applied toward the payment of the amount due upon the bonds secured by said mortgage."

The property was sold by the receiver for $110,000, and the sale was confirmed by the court on July 5, 1913. The money having been paid, said receiver on August 15, 1913, executed a deed and delivered possession of the property. Pursuant to the order of May 20, 1913, the receiver had on November 1, 1913, paid upon receiver's certificates $71,941.35. On November 20, 1913, the court ordered the receiver to pay the balance in his hands on the liens adjudged paramount to the mortgage and the other liens and costs. By February 13, 1914, the said receiver had paid upon the liens adjudged to be prior to the mortgage the sum of $12,908.37, and had also paid a dividend of 12 per cent. upon the bonds secured by the mortgage. On the 15th day of April, 1913, the said receiver returned a schedule of such Power Company to the state board of equalization and assessment, and said board, having valued said property in the manner required by law, made its return of such value to the county clerks of the counties of Douglas and Sarpy, and the levy was such that the taxes due to the county of Douglas amounted to $710.85 and the amount due the county of Sarpy was $210.38. On the 10th day of November, 1913, said counties of Douglas and Sarpy demanded of said receiver the payment of said taxes from the funds in his hands, and the receiver applied to the court for its order and direction in the premises. The court found they should be paid, and the Midland Guaranty & Trust Company appealed to this court.

The following are excerpts from Cobbey's Annotated Statutes of Nebraska, edition of 1911:

"10911. All property in this state not expressly exempt therefrom, shall be subject to taxation, and shall be valued at its actual value which shall be entered opposite each item and shall be assessed at twenty per cent. of such actual value."

"10914. Taxes assessed upon personal property shall be a first lien upon the personal property of the person to whom assessed from and after the first day of November of the year in which they are assessed, until paid."

"10915. When property is assessed to any person as agent for another, or in a representative capacity, such person shall have a lien upon such property, or any property of his principal in his possession, for the taxes thereon until he is indemnified against the payment thereof, or, if he has paid the taxes, until he is reimbursed therefor."

"10927. Personal property shall be listed in the manner following: * * * Seventh. The property of corporations whose assets are in the hands of receivers, by such receivers."

"10937. If the property of any taxpayer be seized by legal process so as not to leave a sufficient amount exempt from levy and sale to pay the taxes, then the taxes on the property of such taxpayer shall at once fall due, and be paid from the proceeds of the sale of the property so taken on such process in preference to all other claims against it."

"10983. The property of railroads, railroad corporations and car companies, shall be annually assessed as prescribed in this act by the state board of equalization and assessment."

"10985. The board on the first Monday in May, 1904, and annually thereafter shall proceed to ascertain all property of any railroad company owning, operating or controlling any railroad or railroad service in this state, which for the purpose of assessment and taxation, shall be held to include the main track, side track, spur tracks, warehouse tracks, roadbed, right of way and depot grounds, and all water and fuel stations, buildings and superstructures thereon, and all machinery, rolling stock, telegraph lines and instruments connected therewith, all material on hand and supplies provided for operating and carrying on the business of such road, in whole or in part, together with the moneys, credits, franchises and all other property of such railroad company used or held for the purpose of operating its road, and appraise and assess the same as personal property as herein provided."

"11043. * * * No demand for taxes shall be necessary, but it shall be the duty of every person subject to taxation to attend at the treasurer's office and pay his taxes."

[1] Under the construction of the laws of Nebraska, by its Supreme Court, taxes are not debts in the ordinary sense, and generally an action will not lie to recover them. Richards v. Commissioners of Clay County, 40 Neb. 45, 58 N. W. 594, 42 Am. St. Rep. 650.

[2] When the time comes for a lien for personal property taxes, which is now on November 1st (section 10914), it attaches, not to the identical personal property taxed, but to all the personal property of the taxpayer within the county. Hill v. Palmer, 32 Neb. 632, 49 N. W. 718; Reynolds v. Fisher, 43 Neb. 172, 61 N. W. 695; Farmers' Loan & Trust Co. v. Memminger, 48 Neb. 17, 66 N. W. 1014; Foster & Smith Lumber Co. v. Leisure, 3 Neb. (Unof.) 237, 91 N. W. 556; Chamberlain Banking House v. Woolsey, 60 Neb. 516, 83 N. W. 729; Woolsey v. Chamberlain Banking House, 70 Neb. 194, 97 N. W. 241. But in Millett v. Early, 16 Neb. 266, 20 N. W. 352, it was held that while a suit will not ordinarily lie for taxes, a method exclusive of suit having been adopted by the Legislature for their collection, if the taxpayer dies and his property passes into the custody of the probate court, a claim for the taxes may be filed against the estate. The court said:

"The statute requires all claims against an estate, which are to be paid out of the general assets, to be filed and allowed; and as taxes upon personalty are to be collected from any personal property of the person against whom they are assessed that can be levied upon, they certainly constitute a claim against the estate. While such taxes are not a debt, in the ordinary meaning of the word, they do constitute an obligation imposed by law, for which the estate is liable. This being so, the claim was properly allowed against the estate."

In Toy v. McHugh, 62 Neb. 820, 87 N. W. 1059, it was held that a land tax created no personal liability against the owner of the land; that such tax must be collected, if at all, by a sale of the particular

tract against which it is charged and upon which it is by the statute made a specific lien.

[3] It thus appears, while each piece of real estate is liable only for the taxes upon it, and the owner thereof is not personally liable therefor, the personal taxes become a personal obligation of the owner, but do not subject the owner ordinarily to a suit, not because he is not liable, but because, the law having provided adequate means for their collection, that remedy is exclusive.

[4] The railroad was properly assessed as personal property under the express provisions of section 10985. Under section 10927 the railroad was properly listed by the receiver in the spring of 1913.

[5] The statute has not been construed as to whether this section means that railroads in the hands of receivers shall be assessed to the receivers as owners, and there is nothing in this case to show how this railroad was in fact assessed for 1913, whether to the railroad company or to the receiver. If the railroad was legally assessed to the receiver as owner, as this was a tax on personal property, it was not only a lien upon all personal property of the receiver as such, but was a personal claim against him as receiver.

It is conceded that the railroad, having been sold before November 1st, was free of the lien of the taxes for that year; and as the railroad company is hopelessly insolvent, if the railroad was assessed to the railroad company, the entire taxes must be lost to the counties, unless they are collectible from the receiver under some of the provisions of the statute referred to. We conclude that they were so collectible under sections 10915 and 10937.

[6] If the receiver was liable for these taxes, then the proper proceeding was to appear in the receivership case and ask an order for their payment. In re Tyler, 149 U. S. 164, 186, 187, 13 Sup. Ct. 785, 37 L. Ed. 689.

The decree of the District Court is affirmed.