STORY, RESPONDENT, *v.* DIXSON, COUNTY TREASURER, ET AL., APPELLANTS.

(No. 4,792.)

(Submitted June 3, 1922. Decided July 10, 1922.)

[208 Pac. 592.]

*Taxation—Assessor—Arbitrary Assessment—When Unauthorized — Penal Statutes — Strict Construction — Payment of Taxes Under Protest—Recovery Back—Filing Claim not Prerequisite to Action.*

Taxation—Refusal of Taxpayer to Furnish Statement—Arbitrary Assessment by Assessor—Penal Statute—Strict Construction.
    1. Section 2007, Revised Codes of 1921, providing that upon refusal or neglect of a taxpayer to furnish to the assessor a statement of his property subject to taxation, the assessor may make an arbitrary estimate which shall be final, being highly penal, its scope should not be extended to a case not clearly within its provisions.

Same—Arbitrary Assessment by Assessor—When Unauthorized.

    2. *Held,* that where plaintiff, in an action to recover taxes paid under protest, had not refused to furnish a statement of his taxable property but had furnished an incorrect one, the assessor was without power to make the arbitrary assessment provided for in section 2007, but that the assessor should have proceeded to ascertain the facts under the powers granted him by section 2006, by citing plaintiff to appear before him and answer as to his property.

Same—Payment of Taxes Under Protest—Filing of Claim not Prerequisite to Action.

    3. Under section 2269, Revised Codes of 1921, one who pays taxes under protest is not required to file a claim with the board of county commissioners for the amount paid, before commencing an action to recover them.

*Appeal from District Court, Stillwater County; Albert P. Starke, Judge.*

SUIT by W. D. Story against E. B. Dixson, as County Treasurer, and Stillwater County. From a judgment for plaintiff, defendants appeal. Affirmed.

*Mr. Wellington D. Rankin,* Attorney General, and *Mr. C. N. Davidson,* Assistant Attorney General, submitted a brief; *Mr. Davidson* argued the cause orally.

No appearance in behalf of Respondent.

MR. CHIEF COMMISSIONER POMEROY prepared the opinion for the court.

This is a suit to recover the amount of taxes paid by the plaintiff under protest. It is alleged in the complaint that on or about April 20, 1917, the assessor called on plaintiff and requested him to make a statement of his property subject to taxation for that year; that the assessor did not request the plaintiff to fill out the statement, but filled it out himself from answers made by plaintiff to questions asked by the assessor; that plaintiff at the time informed the assessor that he had a checking account in the Park City State Bank, but that the assessor did not at the time include the amount of the checking account "in the assessment so made and returned by plaintiff"; that thereafter, and without any notice to plain-

tiff, the assessor arbitrarily assessed plaintiff for the sum of $10,000, solvent credits, without inquiring of plaintiff as to what solvent credits he had; that on the first Monday of March, 1917, the only solvent credit plaintiff had was $6,333.84 on deposit in the Park City State Bank; that he was then indebted to various persons in the aggregate $6,512, which he was entitled to deduct from any assessment made against him on account of solvent credits; that, upon learning of such arbitrary assessment, plaintiff delivered to the assessor, and to the county board of equalization, affidavits showing the amount of solvent credits owned by him on the first Monday of March, and the amount of debts then owing by him, which should be deducted from such credits. The affidavits are set forth in the complaint. The payment of the tax under protest is alleged.

The answer admits the furnishing of the statement. Among other matters, the answer alleges that when the statement was made the assessor demanded of the plaintiff the amount of the checking account, and that the plaintiff refused to tell the assessor the amount thereof. The cause was tried to the court sitting with a jury. When the taking of the evidence was concluded, by agreement the jury was discharged and the cause submitted to the court for decision.

The sufficiency of the complaint was attacked in the trial court by an objection to the introduction of any testimony and by motion for nonsuit. The trial court held the assessment valid for the amount of the bank account as shown by the complaint, without allowing any deductions, and entered judgment for the plaintiff for the amount of the tax on the excess of the assessment over the amount of the bank account. Both the plaintiff and the defendants moved for a new trial. The motions were overruled. The defendants have appealed from the judgment, and from the order overruling their motion.

The plaintiff has made no appearance in this court. Defendants state in their brief: "There is no allegation in the complaint, either that the plaintiff disclosed the amount of

[64 Mont. 206.]

his checking account to the assessor, or that no request was made of him for the amount of his checking account by the assessor."

The complaint is also attacked on the ground that it does not show that plaintiff presented a claim to the board of county commissioners before commencing this action.

The authority for the assessor to make an arbitrary assess-[1, 2]  ment is found in section 2007, Revised Codes of 1921, which reads as follows: "If any person, after demand made by the assessor, neglects or refuses to give, under oath, the statement herein provided for, or to comply with the other requirements of this title, the assessor must note the refusal on the assessment-book opposite his name, and must make an estimate of the value of the property of such person, and the value so fixed by the assessor must not be reduced by the board of county commissioners."

This section is highly penal. When invoked in a proper case, the delinquent taxpayer has no recourse against the action of the assessor, however arbitrary such action may be. The scope of the section should not be extended to a case not clearly within its provisions. This was not a case where the plaintiff refused or neglected to furnish a statement but a case where the statement was furnished, though it was incorrect, in that it did not recite the facts as to the bank deposit. Under these circumstances the assessor, instead of making the arbitrary assessment, which he had no authority to do, should have proceeded to ascertain the facts under the very extensive powers conferred upon that officer by section 2006, Revised Codes of 1921. Since the complaint showed that the statement was furnished, it is not vulnerable to the attack made upon it by the defendants as to the want of authority to make the arbitrary assessment. As the allegations of the complaint concerning the furnishing of the statement were amply supported by the evidence, the trial court was warranted in finding that the assessor was without authority to make an arbitrary assessment. The case of *Weyse*

64 Mont.—14

v. *Crawford,* 85 Cal. 196, 24 Pac. 735, is an authority supporting our construction of the Code section in question.

It was not necessary for plaintiff to file a claim with the [3] board of county commissioners before commencing his action to recover taxes paid under protest. Section 2269, Revised Codes of 1921, is as follows: "In all cases of levy of taxes, licenses, or demands for public revenue which are deemed unlawful by the party whose property is thus taxed, or from whom such tax or license is demanded or enforced, such party may pay under protest such tax or license, or any part thereof, deemed unlawful, to the officers designated and authorized to collect same; and thereupon the party so paying, or his legal representatives, may bring an action in any court of competent jurisdiction against the officer to whom said license or tax was paid, or against the county or municipality in whose behalf the same was collected, to recover such tax or license, or any portion thereof, paid under protest, provided, that any action instituted to recover any tax paid under protest shall be commenced within sixty days after the thirtieth day of November of the year in which such tax was paid. The tax so paid under protest shall be held by the county treasurer, and no part thereof paid to the state treasurer until the determination of any action brought for the recovery thereof." This section provides a complete remedy for the recovery of taxes levied unlawfully. That it was not the intention of the legislature to impose any requirement on the taxpayer other than those contained in the section is clear from the language of the section. After reciting that the taxpayer shall pay the tax deemed unlawful, under protest, the section provides: "And thereupon the party so paying * * * may bring an action in any court of competent jurisdiction * * * to recover such tax."

Our conclusion as to the intention of the legislature is fortified by the very short time, sixty days, prescribed by the section for the commencement of the action. In the case of *Powder R. C. Co.* v. *Commrs. Custer County,* 9 Mont. 145, 22

Pac. 383, it was held that it was necessary to file the claim before an action could be brought to recover taxes paid under protest. The case arose under the territorial statutes, which contained no such provision as section 2269. The provisions of the California Code are similar to ours. The supreme court of that state has recently held that the filing of a claim for taxes, paid under protest, is not necessary. (*Birch* v. *Orange County,* 186 Cal. 736, 200 Pac. 647.)

We recommend that the judgment and order appealed from be affirmed.

PER CURIAM: For the reasons given in the foregoing opinion, the decree of the trial court is affirmed.

*Affirmed.*