SHUBAT, APPELLANT, *v.* GLACIER COUNTY ET AL., RESPONDENTS.

(No. 6,961.)

(Submitted October 18, 1932. December 21, 1932.)

[18 Pac. (2d) 614.]

*Messrs. Molumby, Busha & Greenan,* for Appellant, submitted a brief; *Mr. Philip G. Greenan* argued the cause orally.

*Mr. Horace W. Judson,* County Attorney of Glacier County, for Respondents, submitted a brief; *Mr. C. N. Davidson,* Assistant Attorney General, argued the cause orally.

HONORABLE FRANK P. LEIPER, District Judge, sitting in place of MR. JUSTICE GALEN, disqualified, delivered the opinion of the court.

This action was instituted for the purpose of quieting title in the plaintiff to the northwest quarter of section 33, township 34 north, range 5 west of the M. P. M. The allegations of the complaint, in so far as material here, are that the plaintiff is the owner of the lands in question; that Glacier county claims an interest therein by reason of a tax deed issued to it and that such tax deed is invalid because, it is alleged, the notice of application for such tax deed "did not advise the true amount due and owing said Glacier county in order to redeem said property." Plaintiff further alleges that an offer was made by him on November 10, 1929, to pay to the county an amount sufficient to discharge all of the taxes, interest, penalties and charges, which offer was refused. It is further alleged that the defendants Frisbee and his wife claim some interest in these premises adverse to the plaintiff.

Defendants answered denying the plaintiff's ownership of these lands and claiming the title thereto in the defendants by virtue of a tax deed issued to Glacier county on November 5, 1929, and asserting that the proceedings upon which such deed is based are valid in all respects. The answer admits plaintiff's offer to pay taxes, interest and penalty as alleged by the plaintiff. Trial was had before the court sitting without a jury. The court made its findings and conclusions favorable to defendants and entered judgment accordingly. This appeal is from that judgment.

The plaintiff introduced in evidence, without objection, the following: (a) A notice of application for tax deed together with the affidavit as to its publication; (b) the record of the tax proceedings upon application for a tax deed; and (c) the

tax deed in question. The time for redemption expired November 1, 1929. The notice of application for tax deed recites: "Pursuant to a resolution passed by the board of county commissioners April 5, 1927, notice is hereby given that the undersigned will on the first day of November, 1929, apply to the county treasurer of Glacier county, Montana, for a tax deed to the following described property, to-wit: [Here follows a description of the property above mentioned.] That the amount it will be necessary to pay to effect redemption of said premises on the said 1st day of November, 1929, is the sum of $239.62."

It appears from the evidence that the several items going to make up the sum mentioned in the notice, to-wit, $239.62, are as follows: (1) $54.19, that being the amount for which the land was sold to the defendant county, which sale occurred on the 10th day of February, 1926. To this there is added interest at one per cent. per month to November 1, 1929, that being the date on which the period of redemption expired. (2) The taxes for the years 1925, 1926 and 1927, for the respective sums of $50.65, $44.85, $40.25, to which is added a penalty of five per cent. and interest computed on this total (the original tax plus the penalty) at one per cent. per month to the date of the expiration of the period of redemption (November 1, 1929); and to this total is added the statutory charge made by the county treasurer for issuing the tax deed of $3.

It is admitted that this is the method which was followed in arriving at the total sum named in the notice for tax deed, and that these are the items which make up that total. Appellant's contentions may be summarized as follows: (1) That the five per cent. penalty is not subject to any interest charge; (2) that the amount set forth in the notice for tax deed ($239.62) as the sum owing on November 1, 1929, is greater (to the extent of the interest exacted upon the penalty) than that authorized by law, therefore, the tax deed issued in pursuance of such notice is a nullity.

The statute relating to the time when taxes shall become delinquent, the rate of interest to be charged thereon, together with the penalty to be added thereto, in force at the time material here, reads in part as follows: "All taxes not paid on or before 6 o'clock P. M. of the 31st day of May of each year will be delinquent, and will draw interest at the rate of one per cent. per month until paid. A penalty of five per cent. shall be added to all delinquent taxes." (Sec. 1, Chap. 96, Sess. Laws of 1923.) Prior to the enactment of this statute the penalty added was ten per cent. (Sec. 2175, Rev. Codes 1921.) "A penalty is a sum of money which the law exacts the payment of by way of punishment for doing some act which is prohibited, or the omission to do some act which is required to be done." (30 Cyc. 1335; *County of San Luis Obispo* v. *Hendricks*, 71 Cal. 242, 11 Pac. 682; *Sacramento* v. *Dillman*, 102 Cal. 107, 36 Pac. 385; *People ex rel. Kane* v. *Sloane*, 98 App. Div. 450, 90 N. Y. Supp. 762; *United States* v. *Four Hundred and Twenty Dollars*, (D. C.) 162 Fed. 803.)

"A statute properly designated as penal is one which inflicts a forfeiture of money or goods by way of penalty for breach of its provisions." (*Butler* v. *Butler*, 62 S. C. 165, 40 S. E. 138, 142; 30 Cyc. 1336.) The power to levy taxes includes the power to provide such means as will tend to secure prompt payment. Statutes of this character are in the nature of penalties and will be strictly construed. "The imposition of such penalties will be strictly and carefully limited to the exact amount * * * laid down by the law. Anything beyond this is null and void. Interest on the accrued penalty is recoverable if the statute expressly authorizes it but not otherwise." (37 Cyc. 1546; *United States* v. *Four Hundred and Twenty Dollars*, supra.)

Where a taxing statute is susceptible of two constructions and the legislative intent is in doubt, such doubt should be resolved in favor of the taxpayer. (*McNally* v. *Field*, (C. C.) 119 Fed. 445; *Cache County* v. *Jensen*, 21 Utah, 207, 61 Pac. 303; *Brown* v. *Com.*, 98 Va. 366, 36 S. E. 485; *Mc-*

*Laughlin* v. *Bardsen*, 50 Mont. 177, 145 Pac. 954.) As a general rule revenue laws are strictly construed in favor of the taxpayer. The contrary rule applies to exemptions. (36 Cyc. 1189, and cases there cited.)

The provisions of statutes which impose a penalty are penal in nature and must not be extended by implication. (*McLaughlin* v. *Bardsen*, supra; *State* v. *Aetna Banking & Trust Co.*, 34 Mont. 379, 87 Pac. 268; *State* v. *Cudahy Packing Co.*, 33 Mont. 179, 82 Pac. 833, 114 Am. St. Rep. 804, 8 Ann. Cas. 717; *Story* v. *Dixson*, 64 Mont. 206, 208 Pac. 592.)

The application of these principles leads us to the conclusion that the legislature intended the interest provision contained in section 1 of Chapter 96, supra, should apply only to the original tax and not to the penalty. The language used indicates such intention. The arrangement of the different provisions in this section confirms our views as to legislative intent. Had it been the intention of the law-making body that the interest provision should apply to the penalty as well as to the original tax, it would doubtless have said so in terms. While not controlling here, nevertheless it is worthy of note that the legislature, during the same session at which Chapter 96 above was enacted, also passed Chapter 67. Section 8 of Chapter 67 provides, among other things, for the imposition of a penalty upon failure to do certain things, and specifically provides there that such penalty shall bear interest.

The five per cent. penalty is the incentive to pay promptly. It remains the same whether the tax be paid one day or one year after it becomes delinquent. The interest charge is, in a sense, a penalty, for the rate fixed (one per cent. per month) is higher than that allowed by agreement (sec. 7726, Rev. Codes 1921), and is greater than that which a judgment bears. (Sec. 7729, Id.) The interest charge is an ever-increasing sum, the amount of which is dependent upon the time which elapses between the delinquency and the date of payment. Both are additions to the original tax. (*Sanderson* v. *Bateman*, 78 Mont. 235, 253 Pac. 1100.)

Section 2209, Revised Codes 1921, requires the purchaser ▮ of property sold for delinquent taxes, thirty days before he applies for deed, to serve notice upon the owner of the property purchased and upon others, which notice must give the date of sale, the amount for which it was sold, the amount due, and the time when the right of redemption will expire. "The owner of the property * * * has the right of redemption indefinitely until such notice has been given and the deed applied for upon the payment of fees, percentages, penalties and costs required by law." This requirement applies to a county as well as to others. (*Hinz* v. *Musselshell County,* 82 Mont. 502, 267 Pac. 1113; *Harrington* v. *McLean,* 70 Mont. 51, 223 Pac. 912; *Morse, Exr.,* v. *Kroger,* 87 Mont. 54, 285 Pac. 185.)

The reason for the provision that the notice must contain, among other things, the amount due, is that the owner may be advised of the sum he must pay in order to redeem the property. (*Hinz* v. *Musselshell County,* supra.) The notice in the instant case does not meet the requirements of the statute and the deed based thereon is void.

Counsel for respondent suggest that, since the amount named ▮ in the notice is but slightly in excess of that owing, the deed is valid. The legislature enacts the law; that function pertains to it and not to this court. In enacting this law the legislature did not say that the notice for tax deed shall state approximately the amount due, but it did say that the notice must state the amount due. By that, of course, it meant the correct amount. The amount due is not a matter of opinion or conjecture, but may be arrived at by the simple process of accurately computing the interest and adding thereto the tax and penalty and other charges. If this court were to say that the deed is not vitiated because the amount stated in the notice is $1 more than is actually due, then where is the line of demarcation to be drawn? We will not attempt to draw that line. The statute has done that.

Some contention is made as to the sufficiency of the tender ▮ of the amount due. We are of the opinion that the

tender made is sufficient. It follows that the tax deed in question is invalid and that upon payment of the taxes, interest, penalty and other lawful charges the plaintiff is entitled to have entered a decree accordingly.

The judgment of the district court is reversed and the cause is remanded to the district court in and for the county of Glacier, with direction to enter a decree in accordance herewith.

MR. CHIEF JUSTICE CALLAWAY, MR. JUSTICE MATTHEWS and HONORABLE LYMAN H. BENNETT, District Judge, sitting in place of MR. JUSTICE FORD, disqualified, concur.

MR. JUSTICE ANGSTMAN, deeming himself disqualified, takes no part in the foregoing decision.

---

ON MOTION FOR REHEARING.

HONORABLE FRANK P. LEIPER, District Judge, sitting in place of MR. JUSTICE GALEN, disqualified, delivered the opinion of the court.

On motion for rehearing, it is suggested that in arriving at its conclusions, the court overlooked the provisions of section 2210, Revised Codes 1921. Counsel are in error in this regard.

The total amount owing, as stated in the notice of application for tax deed, is $329.62. This amount is made up of two items: First, $54.19, that being the price paid for the land at the tax sale; and, second, the taxes for the years 1925, 1926 and 1927, amounting to $185.43. The record is silent as to what the specific items are which make up the $54.19. No question is raised by either of the parties to this action as to any item going to make up that total of $54.19. It is conceded by both parties that interest should be computed upon that amount. Indulging the presumption that official

168

duty has been performed (sec. 10606, Rev. Codes 1921), then a penalty of five per cent. was added to the original tax, and forms a part of the total of $54.19. All of the items going to make up that total are merged in the sale, and bear interest because of the provisions of section 2210, above: ''And no redemption shall be made until the *amount of such sale* \* \* \* *and interest* shall have been paid,'' etc. There is therefore an express direction for the collection of interest on that penalty which is included in the *''amount of such sale.''*

If the purchaser at tax sale pays the subsequent taxes before they become delinquent, then the redemptioner must pay the amount of taxes so paid and interest. (Sec. 2210, supra.) But, if paid after becoming delinquent, then the redemptioner must pay the original tax and interest thereon together with the penalty, but without interest on the latter, because there is no express provision of our statute providing for the payment of interest upon such penalty. The redemptioner must repay the penalty because it is added to and, in that sense, becomes a part of the tax. (Chap. 96, Laws of 1923.)

The motion for rehearing is denied.

MR. CHIEF JUSTICE CALLAWAY, MR. JUSTICE MATTHEWS and HONORABLE LYMAN H. BENNETT, District Judge, sitting in place of MR. JUSTICE FORD, disqualified, concur.

MR. JUSTICE ANGSTMAN, deeming himself disqualified, takes no part in the foregoing decision.