CALKINS, Respondent, v. SMITH, Appellant.

(No. 7,771.)

(Submitted March 22, 1938. Decided April 8, 1938.)

[78 Pac. (2d) 74.]

454

*Messrs. O'Hara, Madeen & Grant,* for Appellant, submitted an original and a supplemental brief; *Mr. Raymond M. Butler,* of counsel, argued the cause orally.

*Mr. J. D. Taylor,* for Respondent, submitted a brief, and argued the cause orally.

MR. JUSTICE STEWART delivered the opinion of the court.

M. M. Calkins, respondent here, as plaintiff in the district court, instituted a suit against Oscar T. Smith, appellant here and defendant below. The essential facts of the controversy, which are directly alleged in the complaint or which may be reasonably deduced therefrom, are as follows:

From the year 1926 to 1930 defendant was the owner of a block or parcel of land in the town of Stevensville, Ravalli county, 120 by 120 feet in size. In the year 1930 the west half of the block was taken from him and sold on execution; the other half was retained by defendant. A predecessor in interest of plaintiff bought the west half and received a conveyance therefor. Defendant's ownership in that half was thereby terminated in 1930.

No taxes were paid on any part of the tract for the years 1926 to 1935, inclusive, and the taxes for the year 1936 were likewise allowed to go delinquent. On November 30, 1935, a predecessor in interest of plaintiff paid to the county treasurer of Ravalli county the total ten years' taxes then delinquent on the entire parcel for the period of 1926 to 1935, amounting to the sum of $326.36. In 1936 plaintiff paid the taxes on the entire tract in the sum of $29.04. The tract was assessed to defendant for all of the years. Plaintiff took an assignment from her predecessor for the amount paid by him for the ten-year period and instituted this action for the recovery of both amounts, which she alleged were paid by mistake in the apparent belief that all of the taxes so paid had been levied and assessed against the west half of the parcel owned by her at the institution of the action.

The allegations of the complaint are to the effect that plaintiff, or her predecessor in interest, paid the taxes by mistake, believing the same were levied only upon the property owned by her, and that it was necessary to pay the same to clear the title; that the money so paid discharged a legal obligation for which the defendant was liable and which obligation was a lien upon the property; that the payment was without benefit to plaintiff, and that she received no consideration therefor; that defendant knew that the taxes were delinquent and that the same were a lien against the property of defendant, and he did thereby receive benefit, presumably by having the half of the property still owned by him redeemed and cleared of tax delinquencies; that plaintiff demanded from defendant the repay-

ment of the amount; and that refusal thereof was made, all before the institution of the action.

Process was served upon defendant. He defaulted and a judgment was entered against him for the full amount of the demand, with interest and costs. He appealed from that judgment.

There is but one assignment of error, and that goes to the sufficiency of the complaint. The assignment really tenders the question: Did the complaint state a cause of action?

The appeal constitutes the first appearance of defendant in the proceeding. We enter upon a discussion of the matter in the light of the rule that the sufficiency of a complaint may be questioned for the first time on appeal. In the case of *Ellinghouse* v. *Ajax Livestock Co.*, 51 Mont. 275, 281, 152 Pac. 481, 483, L. R. A. 1916D, 836, this court said: "It is well settled by the decisions of this court that the sufficiency of a complaint may be questioned for the first time on appeal, and that, if found fatally defective, a judgment rendered thereon for the plaintiff will be reversed." (See, also, section 9136, Rev. Codes.) As a corollary to this rule, there is another rule to the effect that in such a case every reasonable inference will be drawn from the facts stated necessary to uphold the complaint. (*Blackwelder* v. *Fergus Motor Co.*, 80 Mont. 374, 260 Pac. 734.)

The theory of the defendant is that the payment of the delinquent taxes on the whole block, instead of only on the one-half owned by plaintiff, constituted a voluntary, unsolicited payment of a nonexistent legal obligation in so far as he was concerned. He asserts that no right of reimbursement exists against him by reason of the payment; that it was his right and privilege to allow the taxes to remain delinquent against his own property, and force the county to foreclose the lien thereon. This apparently is what occurred. While no allegation is made as to the sale of the property, this court must take into consideration the plain and mandatory provisions of the law which require that when taxes are not paid upon real property and the same are allowed to become delinquent, the county treasurer must proceed to advertise the same for sale

and to sell the same, either to an independent bidder or, failing to obtain a bid from some third party, to sell the same to the county and give to the county a treasurer's certificate therefor. (See secs. 2182 et seq., Rev. Codes.)

Section 2154 makes a tax due upon real estate a lien against the property assessed, and section 2152 gives such lien the force and effect of an execution. Such a judgment is not satisfied or the lien removed until the taxes are paid or the property sold for the payment thereof. (Sec. 2152, Rev. Codes.)

Chapter 199, sections 2169 et seq., Revised Codes, outlines ■ the procedure for the collection of property taxes and the enforcement of tax liens. The provisions are mandatory and exclusive. (*State ex rel. Tillman* v. *District Court*, 101 Mont. 176, 53 Pac. (2d) 107, 103 A. L. R. 376; *State ex rel. Spokane & Eastern Trust Co.* v. *Nicholson*, 74 Mont. 346, 240 Pac. 837.) There is one exception contained in the statutes. (See chap. 201, secs. 2253 et seq., Rev. Codes.) This exception was the subject of comment in the *Nicholson Case*, supra.

For the purpose of testing the sufficiency of the complaint, ■■ all of the facts therein alleged must be considered as admitted. Likewise, we must presume that the statutory requirements were fully complied with. That being true, of necessity the property was sold at treasurer's sale immediately after the first delinquency, that is, after the 1926 taxes became delinquent. Thereafter, instead of recurrent sales for each year's delinquency, the amounts thereof were added to the amount required for redemption. It, therefore, becomes obvious that, while this court has repeatedly declared that taxes are levied against a person with his property serving as a basis for computing the measure of liability and as security for the discharge of the lien (*Christofferson* v. *Chouteau County*, 105 Mont. 577, 74 Pac. (2d) 427), the obligation created by the levy of taxes is not a continuing personal obligation. The personal obligation to pay the taxes was satisfied and terminated when the lien of the county was foreclosed and the sale of the property made.

There was some argument by counsel and a decided difference of opinion as to whether the payment was made in this in-

stance by reason of a mistake of law or a mistake of fact. The general rules with relation to such mistakes in tax matters are clearly set forth in Cooley on Taxation, 4th ed., sections 1294 and 1295; 61 C. J., sec. 1270, p. 991. (See, also, Cooley on Taxation, 4th ed., secs. 1282 et seq., for rule as to voluntary payments.)

The general subject of mistakes of law and fact is covered by our Code, secs. 7485 and 7486. Reimbursement for mistaken payments has been frequently allowed; however there must generally exist one fundamental requisite, and that is that the party for whose benefit the obligation was paid was legally obligated in some way to pay the same, or that he retained and enjoyed the benefits thereof, thereby ratifying the obligation as his own. (See *Parker* v. *Daly*, 58 Or. 564, 114 Pac. 926, 115 Pac. 723, 34 L. R. A. (n. s.) 545.) The only allegation of the complaint that can be construed as in any way indicating ratification by retention of benefits, is ''that defendant knew that the tax was paid,'' and ''that he was thus receiving the benefit of such payments.'' See *Arnold* v. *Genzberger*, 96 Mont. 358, 31 Pac. (2d) 396, for discussion of ratification by retention of benefits. This allegation falls short of charging him with actually retaining and enjoying benefits accruing from the payment. The defendant still had the option of abandoning the property, and, unless it appeared that he pursued a contrary course after the payment, he cannot be held to have forfeited that right.

Unless defendant ratified by retention of benefits, he could not have been forced by suit to pay the taxes. His personal obligation to the county, as it existed in the beginning, was extinguished by the sale of the property. Every piece of real estate is liable for the taxes upon it, and the owner thereof is not personally liable therefor. Personal taxes become a personal obligation of the owner, but do not subject the owner ordinarily to a suit, not because he is not liable, but because the law having provided adequate means for collection, that remedy is exclusive. (*Midland Guaranty & Trust Co.* v. *Douglas County*, 217 Fed. 358.) It then becomes apparent that though

the tax originally levied was against the person, with his property serving as a basis for computing the measure of liability and as security for the discharge of the lien which the law imposed, still when levied it did not become a debt within the meaning of the word as ordinarily used. (*Christofferson* v. *Chouteau County*, supra; *State ex rel. Tillman* v. *District Court*, supra; see, also, 26 R. C. L., sec. 339.)

The obligation discharged by the payment of the taxes was not ▇ one that could have been compelled by the county nor enforced against defendant. He had the option of allowing the taxes to remain unpaid and of losing his property on the one hand, or of paying the taxes, if he chose to do so, before delinquency, or after delinquency by way of redemption. Therefore, the fundamental requirement that an obligation so discharged must be one directly enforceable against the party for whose benefit it was made, in this instance the defendant, being absent and no showing of benefits retained, the recovery could not be accomplished under the allegations of the complaint.

Plaintiff was not without remedy. At the time of the payment of the delinquent taxes she or her predecessor could have taken advantage of the provisions of section 2211, Revised Codes, which provide for piecemeal redemption and apportionment of the tax accordingly; or she could have taken advantage of section 2207, Revised Codes, which provides for the payment of taxes by anyone and the assignment of the tax certificate. It is true in this instance that she proceeded under the misapprehension and mistaken belief that the tax she paid was really against the property she owned, rather than against the half retained by Smith. However, this does not alter the force of the legal principles involved.

It is not exactly clear from the complaint just what theory plaintiff was proceeding upon as to division of taxes, if she really desired a division thereof. The complaint apparently demands reimbursement for all taxes paid on the entire block for the interval in question. The complaint itself alleges that the defendant Smith lost ownership to the one-half of the lot

in 1930. Certainly, from that time forward he rested under no obligation legal or moral, to pay taxes upon property he did not own. He had no interest in the west half of the parcel after it was sold at sheriff's sale and purchased by the predecessor in interest of plaintiff. Apparently he did retain ownership of the other half; however, as we have pointed out, his personal obligation to pay the taxes on all of the tract was terminated by the treasurer's sale made for the taxes, which became delinquent in 1926.

We, therefore, hold that the complaint did not state a cause of action, and it was error to enter judgment for the plaintiff thereon.

The judgment is reversed with instructions to allow plaintiff to amend her complaint within a reasonable time. Each side shall pay its own costs on this appeal.

ASSOCIATE JUSTICES ANDERSON and MORRIS concur.

MR. CHIEF JUSTICE SANDS, being absent on account of illness, did not hear the argument and takes no part in the foregoing decision.

MR. JUSTICE ANGSTMAN, Dissenting:

I think the complaint is sufficient to entitle plaintiff to some relief. Defendant, it should be remembered, let the case go by default. He does not seek relief from the default upon the grounds of mistake, inadvertence, surprise, or excusable neglect under section 9187, Revised Codes. His sole contention is that the complaint is insufficient to warrant any relief.

In testing the sufficiency of a complaint, which defendant saw fit to ignore, we meet a different rule from that involved if he had appeared and questioned its sufficiency at the proper time. A judgment rendered upon default will be sustained even though the statement of the cause of action may be so defectively made that it would have been open to a general demurrer, "provided its direct averments necessarily imply, or reasonably require, an inference of the facts necessary to supply

the defect." (*Crawford* v. *Pierse*, 56 Mont. 371, 185 Pac. 315, 318.) "Though an allegation be defective in form it is nevertheless admitted" by defaulting. (3 Bancroft's Code Practice & Remedies, sec. 1803.) "Mere defects in the manner of alleging facts, of such a nature that they must be objected to by motion or special demurrer, do not prevent or defeat a judgment by default, since they are waived by the failure to make the proper objection." (Id., sec. 1805.)

The complaint here, tested by the foregoing rules, I think, was sufficient to warrant some relief. It alleged the payment by plaintiff of taxes assessed against the whole of a tract of land of which she was the owner of only one-half. The allegation is that the payment was made by mistake; that it discharged an "obligation for which defendant was liable, which obligation was a lien upon" the property, and "was for defendant's benefit and without any benefit to this plaintiff;" "that this defendant knew that said delinquent taxes were standing against his said property, and that the same was a lien against the same. That the same was paid as aforesaid, and that he was thus receiving the benefit of such payments as aforesaid." These allegations defendant admitted when he permitted the case to go by default.

My associates concede that if defendant retains the benefit of the payment, then there is liability. I think the complaint, with reasonable inferences to be made from the allegations set forth, is sufficient to charge the defendant with receiving the benefits of the payment. It does not allege how or wherein he is doing so, but the reasonable inference is that he is doing so by still claiming to be the owner of the property, freed from the tax lien. If defendant desired more information to enable him to determine how he was receiving the benefits of the tax payments (matters concerning which he perhaps already knew), the least he could and should have done was to demur specially, demand a bill of particulars, or move to have the complaint made more definite and certain. I think he could not sit supinely by, permit judgment to be taken against him, and

then assert for the first time on appeal that the complaint was not sufficiently definite to state a cause of action.

I think, however, defendant is entitled to some relief. The complaint discloses on its face that plaintiff paid taxes on the entire tract of land in the amount alleged. The taxes due on the west half of the property constituted an obligation of plaintiff, and defendant is only liable for that part of the total tax due upon the east half. Since this condition appears affirmatively from the complaint, defendant is liable for only the tax due on the east half of the property.

I think the cause should be remanded with directions to modify the judgment so as to hold defendant for only that portion of the tax properly due on the east half of the property. It is proper to hear evidence on that point. The county treasurer, under section 2211, Revised Codes, can make computation of the amount of taxes properly assessed against the east half, as distinguished from the west half. Other witnesses qualified to speak on values may also testify as to the relative value of the east half as compared with the west half, and thus furnish criteria upon which to apportion the tax.

Defendant, by his default, did not admit the amount for which he should be held liable where, as here, the complaint discloses that he is not liable for part of the claim for which he was sued. Hence I think the cause should be remanded with permission to both parties to be heard on the question of the amount for which defendant is liable. All other issues have been admitted by the default.