THE SALVATION ARMY, A CORPORATION, PLAINTIFF AND RESPONDENT *v.* THE STATE OF MONTANA, THE STATE BOARD OF EQUALIZATION OF THE STATE OF MONTANA, SILVER BOW COUNTY, AND JACK C. KLEMO, COUNTY TREASURER OF SILVER BOW COUNTY, DEFENDANTS AND APPELLANTS.

No. 10791

Submitted September 10, 1964. Decided October 9, 1964.

Rehearing denied November 24, 1964.

396 P.2d 463.

William Douglas, Board of Equalization, Helena, Robert J. Holland, County Atty (argued), Mark Sullivan, Deputy County Atty., Butte, for appellants.

Corette, Smith & Dean, George P. Sarsfield (argued), Keith P. Johnson, Kendrick Smith (argued), Butte, for respondent.

MR. JUSTICE CASTLES delivered the Opinion of the Court.

This is an appeal from a judgment of the district court of Silver Bow County, Montana, in favor of The Salvation Army, plaintiff, against defendants, State of Montana, State Board of Equalization, Silver Bow County, and Jack C. Klemo, County Treasurer of Silver Bow County, said judgment ordering, adjudging and decreeing that plaintiff, respondent here, is not liable for penalty and interest upon delinquent taxes for all years prior to 1961. This appeal is by defendants, appellants here, Silver Bow County and Jack C. Klemo, County Treasurer of such county, and is not an appeal on behalf of the State of Montana or the State Board of Equalization.

This action was commenced by plaintiff by filing a complaint for judgment against defendants to require Klemo as County Treasurer to accept the amount levied as taxes for the years 1940, 1943, 1945, 1946, 1948, 1950, 1952, and 1953, and that the penalty and interest for these said years be declared null

and void, and that any tax lien of the defendants for these years be fully satisfied and discharged. Defendants by answer denied that plaintiff was not liable for the penalty and interest for each of these years and the facts of the case were by stipulation submitted to the district court. Plaintiff admitted in said stipulation that since it could not prove payment, the taxes were not paid for the years set forth above in a total principal amount of $1,607.99. Plaintiff further stipulated that in the office of the County Treasurer that for each of the years set forth above there was a delinquent tax book showing the amount due and delinquent upon the property owned by plaintiff. Defendants in said stipulation admitted that predecessors of the present County Treasurer had failed to give plaintiff any notice showing the amount due and delinquent for any year prior to April 28, 1961. On or about April 28, 1961, plaintiff had received from defendant Klemo, County Treasurer, a notice of delinquent taxes for the years set forth above. Defendant Klemo, in the notice, also demanded payment of penalty in the amount of two percent of the principal of said taxes and interest at the rate of two-thirds of one percent per month from the respective due dates of said taxes for each of said years. Plaintiff, after receipt of said notice of delinquent taxes and penalty and interest, offered and tendered to defendant County Treasurer, on or about August 23, 1961, the principal amount of said taxes delinquent or claimed to be delinquent in the amount of $1,607.99, but did not offer to pay the penalty and interest demanded by said defendant. Defendant County Treasurer has refused to accept the principal amount.

The sole question presented here is whether under the laws of Montana plaintiff is liable for payment of interest and penalties for the years involved, in addition to the principal amount of $1,607.99, in view of the failure to receive the notice referred to in section 84-4101, subd. (2), R.C.M.1947.

The two statutes involved in the instant case are sections 84-4101 and 84-4105, R.C.M.1947, which provide:

"84-4101. *Treasurer to publish notice of delinquency.* Within ten (10) days after the receipt of the assessment book, the county treasurer must publish a notice specifying:

"1. That one-half (½) of all taxes levied and assessed will be due and payable before five o'clock p. .m on the 30th day of November next thereafter, and that unless paid prior thereto the amount then due will be delinquent and will draw interest at the rate of two-thirds (2/3) of one per centum (1%) per month from and after such delinquency, and two per centum (2%) will be added to the amount thereof as a penalty and that one-half (½) of all taxes levied and assessed will be due and payable on or before five o'clock p. m. on the 31st day of May next thereafter, and that unless paid prior to said date said taxes will be delinquent and will draw interest at the rate of two-thirds (2/3) of one per centum (1%) per month from and after such delinquency, and two per centum (2%) will be added to the amount thereof as a penalty.

"2. The time and place at which payment of taxes may be made: *And he must send* to the last known address of each taxpayer a *postcard or other written notice,* postage prepaid, showing the amount of taxes due the current year, *and the amount due and delinquent for other years;* but any failure to give either notice will not affect the *legality of the tax.*" (Emphasis supplied.)

"84-4105. *Manner of publication of notice.* The notice in every case must be published for two weeks in some weekly or daily newspaper *published* in the county, if there is one; or if there is not, then by *posting* it in three public places. The failure to *publish or post* notices does not relieve the taxpayer from any of his *liabilities.*" (Emphasis supplied.)

This procedure outlined by section 84-4101, supra, has been designated as "mandatory and exclusive." Calkins v. Smith, 106 Mont. 453, 457, 78 P.2d 74. In construing a statute "must"

and "shall" are generally interpreted as mandatory, and the term "may" is generally construed as permissive and directive only. State ex rel. McCabe v. District Court, 106 Mont. 272, 276, 76 P.2d 634. Thus, the term "must" in section 84-4101, subd. (2), supra, would generally be held to mean that it was mandatory for the county treasurer to send a notice of the delinquent taxes due "and the amount due and delinquent for other years." However, the statute goes on to say that the failure to give such a notice "will not affect the legality of the tax." Thus, there is the word "must" in the statute which seemingly makes it mandatory that the clerk send a notice to each taxpayer "showing the amount of taxes due the current year, and the amount due and delinquent for other years," but there is also language saying that the failure to give the notice "will not affect the legality of the tax."

This certainly appears to be a contradiction in the language of the statute. The issue becomes: what did the legislature intend by the word "tax" standing alone, or, specifically, does "legality of the tax" refer to the principal only, or are interest and penalties to be considered a part of the word "tax"?

It is a rule in Montana that tax statutes, especially those concerned with penalties, must be strictly construed. Shubat v. Glacier County, 93 Mont. 160, 164, 165, 18 P.2d 614. This court has also held that: "Where a taxing statute is susceptible of two constructions and the legislative intent is in doubt, such doubt should be resolved in favor of the taxpayer." Shubat v. Glacier County et al., supra, at p. 165, 18 P.2d at p. 615; State ex rel. Anderson v. State Board of Equalization, 133 Mont. 8, 13, 319 P.2d 221.

The most important case in Montana dealing with the subject of delinquent taxes and penalties and interest, State ex rel. Sparling v. Hitsman, 99 Mont. 521, 528, 44 P.2d 747, held that penalties and interest were not part of "delinquent taxes." The 1935 Montana Legislative Session had enacted into law

emergency legislation providing a temporary method for the collection of delinquent taxes. The act allowed owners of real estate sold for taxes to the county to redeem the same by paying the original tax due thereon, and without payment of penalty or interest. The act was attacked on the grounds that it violated the provisions of section 39 of Article V of the Montana Constitution which forbids the releasing or diminishing by the legislative assembly of any liability or obligation held by the state. The court agreed that a ''tax'' is a liability created by statute and that the legislature is forbidden to reduce the tax under the above constitutional provision. The issue was then reduced to the question of whether statutory interest and penalties were to be considered part of the tax itself. The court expressed its decision, thusly: ''We, therefore, hold that the penalties, which include interest, are no part of the tax, and therefore are not a part of the obligation.'' (See United States v. Mighell (10th C.C.A.1959), 273 F.2d 682, 77 A.L.R. 2d 1119, where the Circuit Court, in construing a bankruptcy statute, held that where a ''tax'' survived bankruptcy, penalties did not also survive unless specifically mentioned.) (See also United States v. Christensen (U.S.D.C.D. Mont.), 218 F. Supp. 722, where a federal district court held that, although liens for the State of Montana and local taxes assessed against both real and personal property were superior to mortgage liens of the Small Business Administration, an agency of the United States Government; this priority did not extend to penalties and interest under the rule stated by State ex rel. Sparling v. Hitsman, supra.) It should also be noted that in the Sparling case, supra, 99 Mont. at p. 530, 44 P.2d at p. 751, this court overruled prior decisions, saying: ''* * * the decisions of this court in the cases of Sanderson v. Bateman [78 Mont. 235, 253 P. 1100] and State ex rel. Kain v. Fischl [94 Mont. 92, 20 P.2d 1057], were erroneous in holding that penalty and interest imposed upon delinquent taxes were a part of the tax proper, and as such constituted an

obligation or liability within the meaning of section 39, art. 5, of our Constitution."

If for constitutional purposes penalties and interest are not part of the tax itself, then the same law would apply in the instant case. The legislature could easily have inserted the words "interest and penalties" after the word "tax" in said section if their inclusion was intended. We therefore hold that the phrase "legality of the tax," section 84-4101, subd. (2), supra, refers only to the tax itself and not to penalties and interest. (See amended section 91-4407, R.C.M.1947, for language showing that the legislature considered "penalties and interest" apart from "taxes." Also in In re McAnelly's Estate, 127 Mont. 158, 258 P.2d 741, where the court interpreted section 91-4407 before the 1957 amendment, "interest" was held to be apart from the "federal taxes" mentioned in the statute.)

Defendant contends that section 84-4105, supra, applies. The statute provides in part:

"The failure to *publish or post notices* does not relieve the taxpayer from any of his *liabilities*." (Emphasis supplied.)

It is obvious to this court that the notice mentioned in section 84-4105, supra, is the same one referred to in section 84-4101, supra, and not the ones "mailed" to delinquent taxpayers as provided in section 84-4101, subd. (2), supra. Section 84-4105, supra, has no application in the instant case, thus we do not have to determine whether the word "liabilities" as used in section 84-4105, supra, includes more than just "taxes."

In conclusion, we hold that the failure of the present county treasurer's predecessors to send plaintiff any notice "showing the amount of taxes due the current year, and the amount due and delinquent for other years," as provided in section 84-4101, subd. (2), supra, did not release plaintiff of the obligation to pay the principal of the delinquent taxes, $1,607.99, but did release plaintiff of any obligation to pay penalties and

interest on said taxes because of the lack of such statutory notice.

The court wishes to make clear that it is *not* holding that a taxpayer, *after receiving a notice of delinquent taxes* as provided by section 84-4101, subd. (2), supra, may pay his delinquent taxes and then be relieved of the obligation to pay penalty and interest on said taxes.

Accordingly, the judgment for plaintiff is ordered to be affirmed.

MR. JUSTICES DOYLE and ADAIR, concur.

MR. CHIEF JUSTICE JAMES T. HARRISON, specially concurring:

I find it difficult to agree with the holding of this court in State ex rel. Sparling v. Hitsman, 99 Mont. 521, 44 P.2d 747, that penalties and interest are no part of the tax. I have the same difficulty in attempting to construe Section 84-4101, R.C.M.1947. However, the Sparling case was decided 29 years ago and it has served as a precedent through the years. A majority of my associates believe that the interpretation therein is controlling here. Since I approve of the doctrine of stare decisis I defer to their views and concur in the foregoing opinion.

MR. JUSTICE JOHN C. HARRISON, dissenting:

I dissent.

Judicial decisions have two uses—first, to absolutely determine the case decided; and secondly, to indicate to the public how other similar cases will be decided when they arise. I think our decisions on constitutional questions, when fully settled, should control not only the particular cases decided, but the general policy of the law of this state, subject only to amendment of our constitution, as is provided therein.

But I feel State ex rel. Sparling v. Hitsman, supra, is erroneous. This court has in the past overruled its decisions, and

I think we should overrule the decision of State ex rel. Sparling v. Hitsman as to its effect on penalty and interest not being a part of the tax once a taxpayer becomes delinquent.